# Kelly Springfield Road Roller Company, Appellant, *v.* Spyker.

*Sale—Conditional sale—Bailment—Personal property.*

The mere use of the words "lease" and "rental" in an agreement in writing relating to personal property, will not convert into a bailment what must otherwise be construed as a conditional sale.

Argued April 17, 1906. Appeal, No. 76, Jan. T., 1906, by plaintiff, from judgment of C. P. Huntingdon Co., Dec. T., 1905, No. 49, for plaintiff on feigned issue in case of Kelly Springfield Road Roller Co. v. S. I. Spyker. Before FELL, BROWN, POTTER, ELKIN and STEWART, JJ. Affirmed.

Feigned issue to determine title to a steam road roller. Before WOODS, P. J.

The opinion of the Supreme Court states the case.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* amongst others was in refusing binding instructions for plaintiff.

*H. H. Waite*, with him *C. C. Brewster*, for appellant.

*Samuel I. Spyker*, with him *C. H. Whittaker*, for appellee.

PER CURIAM, May 14, 1906 :

This was a feigned issue to determine the title to a steam road roller delivered to the defendants in the execution under the following offer, signed by the plaintiff's general sales agent : " Order subject to acceptance by the home office. Syracuse, New York, May 13, 1905. Mountain & Malone, Holidaysburg, Pa. Dear Sirs : We hereby agree to lease you one ten-ton steam road roller as good as new, f. o. b., Springfield, Ohio, for the full sum of $2,000, payable as follows : July 1, $250 ; September 1, $250, etc. ; roller to have a band wheel. We will guarantee roller to be first-class ; used only three months. To be shipped to Huntingdon, Pa." The offer was accepted. " We

accept above proposition and agree to deliver you said roller in case we fail to make monthly payments." The following supplemental agreement was made : "August 31, 1905. It is hereby agreed that we are to give notes for the rental installments falling due November 1, 1905, and thereafter, which notes shall not be considered as payment of said installments until paid in cash."

There is nothing about this agreement that suggests a bailment except the use of the word "lease" in the first line, and of the word "rental" in the supplement. But these words were evidently used to give another name to what was meant to be a conditional sale. The agreement has none of the indications of a lease. There is no term mentioned, and there is no provision for the return of the roller except in case of default in making monthly payments. Although fixing a term and providing for a return at the end thereof may not be essential to a bailment, they are important, and often controlling evidence of the intention of the parties. If the word "sale" be substituted for "lease" in the first line, we have the usual form of an offer by an agent, subject to the approval of his principal, and an acceptance by the purchaser. It appeared from the testimony that the payments provided for equaled in amount the full market price of the roller, and the manifest purpose of the arrangement was to secure the payment of the price of the roller by retaining the title after having parted with possession. As against creditors this cannot be done.

The judgment is affirmed.