### Miller *v.* Douglas, Appellant.

*Bailment—Conditional sale—Contract.*

A paper under which an engine was delivered purported on its face to be a lease, and provided for payments running for six months. It contained amongst other matters the following expressions: "That when all these payments are made, in accordance with the terms of lease we will issue a bill of sale." "You are also to secure a letter from your landlord, exempting the engine from all claims for rent." "In the event of you failing to make payments according to the lease, you are to forfeit the money paid, and allow us to take engine from your place, without recourse to law." *Held*, that the paper constituted a bailment.

Argued Oct. 5, 1906. Appeal, No. 68, Oct. T., 1906, by defendant, from order of C. P. No. 1, Phila. Co., Dec. T., 1905, No. 1,040, making absolute rule for judgment for want of a sufficient affidavit of defense in case of E. J. Miller and E. W. Morris, trading as Miller, Morris & Company, v. Gawn Douglas and Fred Cræmer. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Replevin for an engine.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was in making absolute rule for judgment for want of a sufficient affidavit of defense.

*Percival H. Granger*, with him *J. Howard Reber*, for appellant.—There is no better settled principle of law in Pennsylvania than that a contract transferring the possession of personal property to another, the owner reserving the naked title thereof solely for the purpose of securing payment of the price agreed upon, is a conditional sale, and, while perfectly good between the parties, is void as to creditors and bona fide purchasers from the transferee without notice : Forrest v. Nelson, 108 Pa. 481 ; Martin v. Mathiot, 14 S. & R. 214 ; Brunswick & Balke Co. v. Hoover, 95 Pa. 508 ; Farquhar v. McAlevy, 142 Pa. 233 ; Ott v. Sweatman, 166 Pa. 217 ; Morgan-Gardner Electric Co. v. Brown, 193 Pa. 351.

It is of course immaterial whether the parties have called the agreement a lease or a conditional sale, since the court will always examine the instrument itself to determine its true construction and to ascertain the intention of the parties : Hervey v. Locomotive Works, 93 U. S. 664.

The present contract is not even in form a bailment. Although from the wording of the agreement, it might possibly be contended that the payments were reserved as rent, this obviously was not the case, because the payments are to be made, not for the use of the engine, but for the engine itself. In other words, this is an attempt to secure the payment not of rent, but of the purchase money, and, therefore, while good between the parties, is void as to creditors : Harper v. Hogue, 10 Pa. Superior Ct. 624 ; Stadtfeld v. Huntsman, 92 Pa. 53 ; Com. v. Harmel, 166 Pa. 89 ; Rieker v. Koechling, 4 Pa. Superior Ct. 286 ; Farquhar v. McAlevy, 142 Pa. 233.

*Harry E. Kohn*, for appellees.—The case is ruled by Stiles v. Seaton, 200 Pa. 114 ; see also Machinery Co. v Fromuth, 15 Pa. Superior Ct. 339 ; Forrest v. Nelson, 108 Pa. 481 ; Martin v. Mathiot, 14 S. & R. 214 ; Brunswick & Balke Co. v. Hoover, 95 Pa. 508 ; Electric Co. v. Brown, 193 Pa. 351 ; Dearborn v.

Raysor, 132 Pa. 231; Haak v. Linderman, 64 Pa. 499; Com. v. Harmel, 166 Pa. 89; Stadtfeld v. Huntsman, 92 Pa. 53; Roller Co. v. Spyker, 215 Pa. 332; Lippincott v. Scott, 198 Pa. 283; Edwards's Appeal, 105 Pa. 103; Enlow v. Klein, 79 Pa. 488; Ditman v. Cottrell, 125 Pa. 606; Scott v. Massey, 18 Pa. Superior Ct. 372.

OPINION BY BEAVER, J., November 19, 1906:

Plaintiffs brought their action of replevin against Douglas and one Craemer, to whom Douglas had sold a gas engine, alleged by the plaintiffs to have been delivered to Douglas under the terms of a written agreement which constituted a bailment. Craemer filed an affidavit of defense under the terms of the 5th section of the Act of April 19, 1901, P. L. 88, "denying plaintiffs' title and showing his own title to said" engine.

The only question in the case arises out of the construction of the paper writing, under which it is admitted the engine was delivered to Douglas. In order to determine the effect of this paper, it will be well to set it out in full. It is in the form of a letter dated October 30, 1905, as follows:

"We propose to lease to you one 2 H. P. National Horz. Gas Engine, complete with all fixtures and fittings, as per catalogue, and deliver same to your place.

"Terms of lease: Twenty ($20.00) dollars cash, Ten ($10.00) dollars cash in one month, Fifteen ($15.00) dollars cash in two months, Twenty ($20.00) dollars cash in third, fourth and fifth month, and Fifteen ($15.00) dollars cash in six months.

"When all these payments are made in accordance with terms of lease, we will issue a bill of sale. In the event of you failing to make payments according to lease, you are to forfeit the money paid and allow us to take engine from your place, without recourse to law.

"You are also to secure a letter from your landlord, exempting the engine from all claims for rent, etc.

"We guarantee the engine strictly first-class, free from defective parts or faulty workmanship."

This was signed by the plaintiffs and accepted by Douglas, one of the defendants.

It is apparent from the terms of the paper that the plaintiffs

contemplated a more formal agreement, but none appears to have been prepared and signed.

Accepting the paper as it is, was it the intention of the parties to constitute a bailment and do the terms used carry out that intention, or do the terms of the paper, in themselves considered, constitute a conditional sale?

We are of the opinion that the parties contemplated a bailment, and that the terms of the proposition made by the plaintiffs and accepted by one of the defendants, taken together, constitute in law a bailment.

It is true that the mere proposition to lease, as has been held in Roller Co. v. Spyker, 215 Pa. 332, will not of itself be construed to constitute a bailment, when none of the indications of a lease are present. It is claimed by the appellants that there is no definite term fixed in the paper and no stipulation to return. But these, as is said in Roller Co. v. Spyker, 215 Pa. 332, are not essential to a bailment, but important and even controlling evidence of the intention of the parties. See Stiles v. Seaton, 200 Pa. 114.

Was it the intention of the plaintiffs to part with their title, when the possession of the engine was delivered to Douglas? That they did not is, we think, apparent from their proposition. They provide: "Terms of lease" running through six months, which may well be regarded as the term of the lease. They provide: "That when all these payments are made, in accordance with terms of lease, we will issue a bill of sale," evidently implying that no sale is to be made, until the terms of the lease are complied with. They provide further: "You are also to secure a letter from your landlord, exempting the engine from all claims for rent, etc." If a sale were intended, why make such a provision? Although a return by the bailee is not in terms stipulated, it is, nevertheless, provided: "In the event of you failing to make payments according to lease, you are to forfeit the money paid and allow us to take engine from your place, without recourse to law." This was practically the stipulation in Stiles v. Seaton, 200 Pa. 114.

Considering the scope and effect of all the stipulations of the paper above quoted, we are of opinion that the parties intended to constitute thereby a bailment and that such is the

legal effect of its terms.  It follows, of course, that the sale by
Douglas to Craemer did not divest the plaintiffs' title.  Judg-
ment was properly entered, therefore, in our opinion for want
of a sufficient affidavit of defense.

The damages under the judgment, as entered, will, of course,
be ascertained in accordance with the provisions of section 5
of the Act of April 19, 1901, P. L. 88.  See Painter v. Snyder,
22 Pa. Superior Ct. 603.

·· Judgment affirmed.