### In re GRABOYES.

(District Court, E. D. Pennsylvania.   June 6, 1916.)

No. 5340.

BANKRUPTCY ⚙140(1)—SALE OR BAILMENT.

Where personal property was delivered under a contract of sale which fixed the time of payment in the future, but declared that the property should remain that of the seller until fully paid for, the contract was one of sale, and not of bailment, and title passed, so that on the bankruptcy of the purchaser the property could not be reclaimed by the seller.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 198, 199; Dec. Dig. ⚙140(1).]

In Bankruptcy. In the matter of the bankruptcy of Abraham Graboyes. Upon certificate for review of order of referee sur reclamation claim of the Goldberg Display Fixtures. Order reversed, with directions that order be entered dismissing petition for reclamation.

See, also, 228 Fed. 574.

Rearick & Illoway, of Philadelphia, Pa., for claimant.
Carr & Steinmetz, of Philadelphia, Pa., for trustee.

THOMPSON, District Judge. The fixtures in question were delivered to the bankrupt before his bankruptcy under a written agreement in the following form:

"Goldberg Display Fixtures.

"130–34 West 24th Street, New York.

"September 19, 1914.

"Please ship to the undersigned:

Name: A. Graboyes.          Address: 1021 N. Front St.
City: Philada.              State: Pa.

"One of your display fixtures for which I agree to pay the sum of $241.40, less 2% 30 days, or 60 days net.

"Style: Main frame; square end No. 14—burlap wings; 9 36/78.

"No. of wings: (32) thirty-two—wood filled wings. 9 36/78—14 26/45.

"Size of wings: 18 36/78—14 36/45—wire filled wings.

---

⚙For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"Color burlap: Green—wall paper wings.
"Canopy with electric light device.   Shelves: 12 shelves 2½".
"Length over all: Square end 10 feet long, No. 14 regular.
"Any special road:  Penna. road  Shackamaxon St.
"Fixture remains property of Goldberg Display Fixtures until fully paid.
"All shipments f. o. b. New York.
"This contract covers all the agreements between parties hereto, and I have read and understand the above contract and hereby acknowledge receipt of duplicate.
"Salesman: G. A. Loral. Purchaser: A. Graboyes.
"Remarks: ―――――.   Per H."

The referee decided that under a recent Pennsylvania decision the contract was one of bailment, and granted the prayer of the petition, ordering the return of the fixtures to the claimant.   The referee evidently referred to the decision in the case of Sahm v. Bair, 56 Pa. Super. Ct. 108, relied upon by counsel for the claimant.   In that case an action of replevin was brought by Sahm against Bair to recover possession of a horse, which Bair had purchased from one Snyder.   The question for the jury was whether Snyder had purchased the horse from Sahm, or whether no sale had been consummated.   The controversy arose out of negotiations for a horse trade between Sahm and Snyder.   There was evidence that Sahm, over the telephone, had agreed to purchase a horse from Snyder for $45 and drove to Snyder's house to get it; that Snyder, being pleased with the horse which Sahm was driving, inquired the price, and Sahm offered to sell it for $145, part in trade for the horse to be bought from Snyder and the balance in cash.   Snyder had not the money, and Sahm declined to sell except for cash; but, for the convenience of both parties and upon a statement by Snyder that he would like to give the horse a further trial, it was arranged that it should be left at Snyder's place of abode, but that title was not to pass unless Snyder brought the money to Sahm the following afternoon.   Snyder never took the money to Sahm; the trade was never consummated, but Snyder sold the horse to Bair for $75.   Bair defended upon the ground that he was an innocent purchaser and that the transaction was a conditional sale.   Snyder testified that the sale of his horse to Sahm for $45 had been consummated, and that he had paid $5 on account of the difference for the other.   Under the contradictory testimony, the court left it to the jury to determine whether there was a sale, or whether the horse, for the convenience of both parties, had been left with Snyder and title was not to pass until the price was paid. The jury found in favor of the plaintiff and the judgment was affirmed by the Superior Court.   Under the evidence, the jury could well find that Snyder was not in possession as a bona fide purchaser, but merely as a bailee, and the case is readily distinguishable from the one at bar.

The agreement before the referee in the present case was for a sale upon credit, with the condition that title should not pass until the money was fully paid.   The claimant attempted to retain the title as security, but the transaction does not bear even the prima facie indicia of a bailment as in the case of In re Gehris-Herbine Co., 188 Fed. 502, where the transaction was held a conditional sale.   I think the learned referee was in error in holding that the contract was one of bailment, and should have denied the prayer of the petition under the authority

of the Pennsylvania decisions. Farquhar v. McAlevy, 142 Pa. 233, 21 Atl. 811, 24 Am. St. Rep. 497; Kelly Road Roller Co. v. Spyker, 215 Pa. 332, 64 Atl. 546.

The order of the referee is reversed, and it is directed that an order be entered dismissing the petition for reclamation.

⬧For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes