# Hays *v.* Weikel & Marks, Appellant.

*Sales—Conditional sales—Automobiles—Bailment lease.*

A delivery of a motor truck upon the receipt of a promissory note, containing a clause providing for the eventual purchase of the machine, is a conditional sale and not a bailment lease.

The mere use of the words "lease" and "rental" under an agreement in writing relating to personal property will not convert it into a bailment, which otherwise might be construed into a conditional sale.

Argued March 14, 1921.    Appeal, No. 3, March T., 1921, by defendants, from judgment of C. P. York County, Aug. T., 1919, No. 138, on case stated in the suit of Walter B. Hays, Trustee in Bankruptcy of Ivan R. Wirt and John A. Knadig individually and trading as John A. Knadig and Company, *v.* Elmer E. Weikel and Eli Marks, trading as Weikel and Marks.    Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ. Affirmed.

Trespass to recover value of motor truck.    Before Ross, J.

A statement was filed by the plaintiff and an affidavit of defense by the defendant, after which both parties filed an agreement in the form of a case stated for the opinion of the court in nature of a special verdict.

The facts are stated in the opinion of the Superior Court.

The court entered judgment in favor of the plaintiff in the sum of $200.    Defendant appealed.

*Errors assigned* were in the following form:

The court erred in finding as a matter of law, that the delivery of the automobile truck in question, was, as between the creditors of John A. Knadig and Company and Weikel and Marks, the defendants, a conditional sale.

The court erred in not finding as a matter of law that "the terms and provisions of said notes of March 22, 1918, and June 19, 1918, constituted a contract of bailment between Weikel and Marks and Ivan R. Wirt and John A. Knadig."

The court erred in entering judgment, on its findings in favor of the plaintiff, and against the defendant as follows:

"Judgment is therefore entered in favor of the plaintiff and against the defendants, in the sum of two hundred ($200.00) dollars, with costs of suit."

*James G. Glessner,* for appellant.—Where a party receives possession of goods under an agreement of lease to retain them from a definite period and if he pays for them to become the owner, otherwise to pay for their use, the transaction is but a bailment: Rose et al. v. Story, 1 Pa. 190; Jones v. Wands et al., 1 Pa. Superior Ct. 269; Brown Bros. Co. v. Billington, 163 Pa. 76; Edwards's App., 105 Pa. 109; Dittman v. Cottrell, 125 Pa. 606; Lippincott & Co. v. Holden, 11 Pa. Superior Ct. 15; Lippincott v. Scott, 198 Pa. 283; Wilson v. Weaver, 66 Pa. Superior Ct. 604.

*John J. Bollinger,* for appellee, cited: Forrest v. Nelson Bros. & Co., 108 Pa. 481; Farquhar v. McAlevy, 142 Pa. 233; Dearborne v. Raysor, 132 Pa. 231; Ott v. Sweatman, 166 Pa. 217; Kelly Springfield Road Roller Co. v. Spyker, 215 Pa. 332.

OPINION BY HENDERSON, J., April 18, 1921:

On the facts recited in the case stated, the trial judge found the transaction to be a conditional sale. If this conclusion was correct, a judgment for the plaintiff properly followed. The basis of the appellant's contention that Wirt and Knadig were lessees of the truck is the use of the words "leased" and "hire" in the notes of March 22 and June 19, 1918. They occur in the first sentence in the second paragraph of each instrument in

the following context: "The within note is given for Willys-Knight Truck, No. 1518, obtained and leased from Weikel and Marks for the term of 90 days, the time for which this note is given and the amount as hire therefor." No other provision of the instruments contains the terms of a lease, and the facts agreed on show quite satisfactorily that it was the intention of the parties to effect a sale. The first note was given for $253, and was payable in 90 days. It provided for the payment of 5 per cent as attorney fees for collection. At the time it was given $300 were paid to the defendants. At the maturity of the note a payment of $18.75 was made thereon and a new one for $235, payable in 60 days, given to take up the original note. On the theory of a lease, it will be observed therefore that the rent to be paid for the first 90 days was $253.75, at which time, if payment had been made by the makers of the note the payment was to be "considered the purchase price of the property." The second note ran 60 days and was at a much higher rate if it be regarded as an obligation for the payment of rent. If it had been paid at maturity, title under the terms of the obligation would have vested in the makers. But on this theory, how is the cash payment to be accounted for? That is not stated anywhere to have been rent, and it is highly improbable that any of the parties to the first note understood that Wirt and Knadig were to pay $553.75 for the use of a truck for 90 days when they had an opportunity of buying it for a like amount. The provision that the title and ownership of the property "shall not part from Weikel and Marks, nor vest in me until this note is fully paid and satisfied" is inconsistent with the claim of a lease and supports the contention of a conditional sale; as is also the provision that if the note is paid at maturity the amount shall be considered the purchase price of the property. Consider, too, the conduct of the defendants in taking possession of the truck before the expiration of the time for which it is said to have been leased. If the contract between the

parties constituted a bailment the title of the defendants was not affected by the proceedings in bankruptcy, and there was no occasion for repossessing themselves of the property. It is not unreasonable to infer that they acted promptly because the purchase money had not all been paid. The obligation is a very slightly veiled attempt to deliver personal property with a retained ownership of the title. This might be done as between the parties to the transaction, but is not valid when the rights of creditors are involved as is the case here. It is unnecessary to enter into a consideration of the numerous cases in which the subject of conditional sales is discussed. Farquhar v. McAlevy, 142 Pa. 233, and Kelly Springfield Road Roller Co. v. Spyker, 215 Pa. 332, are so similar to the case before us as to control it.

The appeal is dismissed and the judgment affirmed.