STERN v. DREW.

(Court of Appeals of District of Columbia. Submitted October 6, 1922. Decided December 4, 1922.)

No. 3753.

1. **Courts ⬳19—Jurisdiction over personal property attaches where found.**

Jurisdiction over personal property attaches within the territorial limits where found.

2. **Sales ⬳451—Contract requiring automobile to be kept within District is construed under District laws.**

Where a contract in the form of a lease with option to sell required the automobile described therein to be kept within the District of Columbia, the contract is to be construed according to the laws of the District, notwithstanding its provision that it should be construed according to the laws of Pennsylvania.

3. **Sales ⬳456—Whether contract is conditional sale or lease does not depend on designation.**

In determining whether a contract is a conditional sale, or a lease of the chattel, therein described with option to purchase, the court will pay little regard to the name used to designate it, but will be guided by the real intention of the parties as disclosed by the instrument.

4. **Sales ⬳456, 473(2)—Contract in terms a lease held a conditional sale; unrecorded conditional sale void as against bona fide purchaser.**

A contract which on its face purported to be a lease of an automobile with option to purchase at the end of the term, but which recited a payment of nearly one-half the total consideration as alleged rental in advance, and required the payment, if the option was exercised, of only $1 in addition to the prescribed rental, was manifestly intended as a conditional sale, and not as a lease, so that the failure to record it under Code D. C. § 547, defeated the right of the seller to recover the automobile from a subsequent bona fide purchaser.

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from the Supreme Court of the District of Columbia.

Replevin by Milton Stern, trading as the Auto Transit Company, against Allan L. Drew, to recover from defendant an automobile. Judgment for defendant, and plaintiff appeals. Affirmed.

Morris Simon, Lawrence Koenigsberger, and Eugene Young, all of Washington, D. C., for appellant.

A. H. Ferguson and Woodson P. Houghton, both of Washington, D. C., for appellee.

Before SMYTH, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. This appeal is from a judgment of the Supreme Court of the District of Columbia in an action of replevin, brought by appellant, plaintiff below, to recover from defendant an automobile.

It appears that plaintiff delivered the automobile to B. H. Covell and P. L. Creamer in consideration of a cash payment of $889.75, as alleged rental in advance, and $1,500 to be paid at the rate of $37.50 per week, alleged weekly rental, for 40 weeks. The written instrument, designated by the parties as a lease, among other things, provides that:

"They [Creamer and Covell] will surrender up the same to the said party of the first part [appellant] upon default or at the expiration of this lease in as good condition as when they took the same (natural wear excepted); and if, upon surrendering the same as aforesaid, the said rent having been fully paid as herein provided, said party of the second part desires to purchase said leased property, said party of the first part agrees to sell the same for the sum of twenty-three hundred ninety 75/100 dollars, and the amount received for the rent of the same shall be applied upon the purchase price of the same at that date. * * * It is agreed that this lease * * * shall be construed as made in the state of Pennsylvania and subject to the laws of Pennsylvania. This agreement of lease shall be governed by the laws of Pennsylvania."

Subsequently and at a time when more than $1,000 remained due and unpaid upon the contract, defendant Drew purchased the automobile from Covell and Creamer for $1,000 cash. The present contract was not recorded, and it conclusively appears that Drew purchased without notice of its existence.

[1, 2] It is contended that the contract must be construed according to the laws of the state of Pennsylvania and not of the District of Columbia. Jurisdiction over personal property attaches within the territorial limits where found. Knowles Loom Works v. Vacher, 57 N. J. Law, 490, 31 Atl. 306, 33 L. R. A. 305; Smith v. Union Bank of Georgetown, 5 Pet. 518, 8 L. Ed. 212. Under the terms of the contract the automobile was to be kept in the District of Columbia, until the contract was fully carried out. The contract, therefore, must be construed according to the law of the place of performance. Union Trust Co. v. Grosman, 245 U. S. 412, 38 Sup. Ct. 147, 62 L. Ed. 368; Croissant v. Empire State Realty Co., 29 App. D. C. 538. In the latter case the court held it to be a general principle:

"That a contract is to be governed by the law with a view to which it was made, and this is a question of intention, to be deduced, when not ex-

pressly declared, from the place, terms, character, and purposes of the transaction."

It follows that, when plaintiff company elected to do business in the District of Columbia, it subjected itself to the laws of this jurisdiction. If it relied upon its construction of the contract, as a lease instead of a conditional sale, and neglected to protect itself by recording the contract (Code D. C. § 547), it assumed the responsibility of adopting a mistaken view of the law.

[3] This case turns upon the question of whether or not the instrument is a lease or a contract of conditional sale. The contract in terms lacks convincing proof of an intention to establish a mere bailment for hire. In construing contracts of this sort, the court will pay little regard to the name used to designate it, but will be guided rather by the real intention of the parties, as disclosed by the terms of the instrument itself. As was said in Herryford v. Davis, 102 U. S. 235, 26 L. Ed. 160:

"What, then, is the true construction of the contract? The answer to this question is not to be found in any name which the parties may have given to the instrument, and not alone in any particular provisions it contains, disconnected from all others, but in the ruling intention of the parties, gathered from all the language they have used. It is the legal effect of the whole which is to be sought for. The form of the instrument is of little account."

[4] While the contract on its face purports to be a lease, it bears all the earmarks of a conditional sale. The terms are such as to impel this conclusion. The large cash payment, under the guise of advance rental, and the agreed purchase price, aggregating but $1 in excess of the total rentals, inclines strongly to the belief that, in an article of so large value, a sale and not a lease was actually consummated. Contracts of this sort, involving the lease with option of purchase, are frequently sustained as leases of articles of comparatively small value, where the advance payment is merely to cover the rental for the first period. In Randolph & Co. v. Columbia Graphophone Co., 45 App. D. C. 146, we sustained a similar contract as a lease for a dictaphone, where the advance payment was $10 rental for the first month and $10 per month for nine months thereafter, with the privilege to the lessee of purchasing for $100 at the expiration of the lease, and applying the rentals on the purchase price, which at that date would exactly equal the purchase price. But the circumstances surrounding the lease in the Randolph Case are so radically different from those in the present case that we have little difficulty in distinguishing between them. We are of opinion, therefore, that under the law of this jurisdiction, regardless of what the parties called it, the instrument is a contract of conditional sale. Straus v. Victor Talking Machine Co., 243 U. S. 490, 37 Sup. Ct. 412. 61 L. Ed. 866, L. R. A. 1917E, 1196, Ann. Cas. 1918A, 955; Herryford v. Davis, supra.

The situation, however, would not be different were this a Pennsylvania contract. Kelly Springfield Road Roller Co. v. Spyker, 215 Pa. 332, 64 Atl. 546. In Farquhar v. McAlevy, 142 Pa. 233, 211 Atl. 811, 24 Am. St. Rep. 497, the instrument provided for the payment of certain installments in advance, as hire for the use of certain machinery

as long as the purchaser should retain it. In case that any installment was not paid when due, the vendor might take the machinery. The contract provided that when all payments were made the vendee might purchase the machinery by paying the sum of $1, just as in the present case. The court in its opinion, referring to the case of Brunswick & Balke Co. v. Hoover, 95 Pa. 508, 40 Am. Rep. 674, said:

> "This case rules the case under consideration. It is very much like it upon the facts, and in it the same attempt was made to cover up a conditional sale with the disguise of a bailment; a disguise * * * 'too clumsy to have the merit of being clever.'"

Having already found that defendant was without notice of the existence of the contract at the time he purchased the automobile, and the contract not having been recorded as by law required, it follows that the present action cannot be sustained, and the judgment must be affirmed.

Affirmed, with costs.