Stern & Company *v.* Paul et al., Appellants.

Argued October 12, 1928.

Before POR-
TER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAW-
THROP and CUNNINGHAM, JJ.

*Malvin H. Reinheimer,* and with him *David Phillips,* for appellants.—In all its terms, the instrument in this case shows intent to effect a conditional sale: Bank of U. S. v. Lee, 13 Peters 107, 118; Bank of Secured Savings v. Rudolph, 83 Pa. Superior Ct. 439; Root v. Republic Acceptance Corp., 279 Pa. 55, 57; In re Morris, 156 Fed. 597; Union Mattress Machinery Company v. Jachnovitz, 55 Pa. Superior Ct. 644.

*David H. Kinley,* for appellee.—The contract on which the replevin action was instituted, was a bailment lease: Hoeveler-Stutz Co. v. Cleveland Motor Sales et al., 92 Pa. Superior Ct. 425; Mackay et al., Admrs. v. Franklin Co., 288 Pa. 207; 24 R. C. L. 375, Sec. 663; Ditman v. Cottrell, 125 Pa. 606; Edward's App., 105 Pa. 103; Dando v. Foulds, 105 Pa. 74; Enlow v. Klein, 79 Pa. 488; Crist v. Kleber, 79 Pa. 290; Rowe v. Sharp, 51 Pa. 26.

OPINION BY CUNNINGHAM, J., March 1, 1929:

The plaintiff corporation brought this action of replevin to recover possession of a diamond ring, delivered by it to Ben and Etta Paul, two of the defendants, under the terms of a certain written agreement, and pledged by them to the other defendants, trading as Rettew's Money Loan Office. The owners of the money loan office filed a separate affidavit of defense averring, inter alia, that the writing under which the plaintiff delivered the ring to the Pauls is an agreement for a conditional sale of it to them, thereby bringing the transaction within the provisions of the Uniform Conditional Sales Act of May 12, 1925, P. L.

603, and that, as the contract was not filed as provided for in the act, the provisions therein reserving property in the seller [plaintiff] are void as to them as creditors of the buyers [the other defendants].

Plaintiff, contending that the agreement is a bailment lease and, therefore, not within the definitions and provisions of the Conditional Sales Act, obtained a rule for judgment for want of a sufficient affidavit of defense. It was stipulated by counsel that the affidavit should be considered sufficient, except as to the following question: "Is the instrument attached to plaintiff's statement of claim, and marked Exhibit 'A.' upon which the ring, which is the basis of this action, was transferred from Stern and Company, to the defendants' pledgors, in view of the Uniform Conditional Sales Act, 1925, P. L. 603, a lease or a conditional sale?" The court below, in an opinion by its learned President Judge MARTIN, held that the agreement was a bailment lease and not a conditional sale, and entered judgment for plaintiff. We now have this appeal by the pledgees.

There is no dispute as to the facts of the case which are as follows: Plaintiff delivered the ring into the possession of the Pauls on April 30, 1927, after the latter had signed the written agreement. In this writing plaintiff was referred to as "bailor" and the Pauls as "bailees." Plaintiff agreed to "let, rent and hire" the ring, valued at $675, to the bailees for a period of one hundred and five weeks, and the Pauls agreed to pay as rental $50 on execution of the agreement and $6 a week until $675 had been paid. The bailees further promised to take good care of the ring and to return it at the expiration of the agreement in as good condition as reasonable wear and use would permit. They also convenanted not to rent or sell the ring, or assign the agreement, or part with the possession of the property. In case of default the ring was to be returned forthwith, and the bailor had the right

to retain all prior payments. As security for the payment of the rental, the agreement contained a warrant of attorney to confess judgment in the sum of $625.

It was agreed that if at any time during the term of the agreement, or at the end thereof, the bailees desired to purchase the ring they should have the right to do so and receive a bill of sale, upon paying the difference between the aggregate of payments already made and $675. By the express provisions of the writing, no title was to vest in the bailees until the terms of the agreement were fully complied with. In violation of their contract, and after they had paid only $98 in rental, the Pauls pledged the ring at Rettew's Money Loan Office for a loan of $175. Upon the discovery of this fact, plaintiff demanded the return of the ring, and subsequently instituted this action. The disposition of this appeal must, therefore, turn upon the question of law whether the written agreement is a conditional sale. If it is, the attempted reservation of title in plaintiff would be of no avail against creditors of the Pauls because the agreement has not been filed as required by the Conditional Sales Act, and there is no suggestion that appellants had any actual notice of its existence or terms.

Prior to the passage of the Conditional Sales Act, a contract for a conditional sale had no effect upon the rights of creditors of the vendee: Clow v. Woods, 5 S. & R. 275, 278; Kelly Springfield Road Roller Co. v. Spyker, 215 Pa. 332. But where the transaction was a bailment, and not a conditional sale, the mere fact that the bailee had the right to purchase the property at some time in the future did not deprive the bailor of his right to recover the property even against the creditors of the bailee: Rowe v. Sharp, 51 Pa. 26; Miller Piano Co. v. Parker, 155 Pa. 208, 210; Leitch v. Sanford Motor Truck Co., 279 Pa. 160. The exact line of demarcation between these two transactions is not easy to draw. The mere use of the words "bail-

116

ment'' and ''lease'' will not prevent a court from looking at the real nature of the transaction and declaring that an agreement purporting to be a bailment is really a conditional sale: Kelly Springfield Road Roller Co. v. Spyker, supra; Schmidt v. Bader, 284 Pa. 41, 45; Bank of Secured Savings v. Rudolph, 83 Pa. Superior Ct. 439, 443.

Perhaps no entirely satisfactory and accurate definition of a bailment lease, as distinguished from a conditional sale, can be given. It may, however, be said that, generally, where a person receives possession of a chattel under an agreement which contains apt words of lease, fixes a definite term and a certain rental, and includes an undertaking to return the same property at the termination of the lease, the mere fact that the bailee has an option to purchase the property during or at the expiration of the period of the lease does not transform the transaction into a conditional sale. One further factor may be added; it is important that the bailment should be for use and not for sale: Leitch v. Sanford Motor Truck Co., supra; Root v. Republic Acceptance Corp., 279 Pa. 55, 57; Hoeveler-Stutz Company v. Cleveland Motor Sales, 92 Pa. Superior Ct. 425; Com. v. Williams, 93 Pa. Superior Ct. 92. The agreement in this case meets all these tests and, unless the legislature has, in the Act of 1925, expressed an intent to make a radical change in existing legal principles, the judgment appealed from should be affirmed.

Appellants contend that the legislature has expressed such intent and that the language of the Conditional Sales Act defining the term ''conditional sale'' includes all agreements which would prior thereto have been held to be bailment leases. The statute reads: ''That in this act 'conditional sale' means any contract for the sale of goods under which possession is delivered to the buyer and the property in the goods is to vest in the buyer at a subsequent

time upon the payment of part or all of the price or upon the performance of any other condition or the happening of any contingency.''

In support of this contention a number of cases are cited from other jurisdictions construing the Uniform Conditional Sales Act in force in those states. We think the answer to the proposition is that our act, while known as the Uniform Conditional Sales Act, differs in several important particulars from the Commissioners' Draft of the Uniform Conditional Sales Act as adopted in some other states. The differences consist of significant omissions. Sub-division (2) of section 1 of the act as adopted by these other states has been omitted from our act. The omitted provision reads: ''or (2) any contract for the bailment or leasing of goods by which the bailee or lessee contracts to pay as compensation a sum substantially equivalent to the value of the goods, and by which it is agreed that the bailee or lessee is bound to become, or has the option of becoming, the owner of such goods upon full compliance with the terms of the contract.'' In the Commissioners' Draft the term ''buyer'' is defined as one who ''buys or hires,'' whereas in our act the words ''or hires'' are omitted; our act also omits the words ''or leases'' in defining the term ''seller.''

Upon investigation of the legislative history of our Act of 1925, as disclosed by the journals of the House and Senate, it will be found that, as passed by the Senate, it corresponded exactly in these particulars with the draft of the General Uniform Conditional Sales Act, but was subsequently so amended as to omit all reference to contracts for the bailment or leasing of goods. Although not conclusive, this action of the legislature is strongly persuasive in favor of the view that it was deemed unwise to make any change in the existing law relative to bailment leases.

A majority of the members of this court agree with the court below that the agreement in this case is a bailment lease and that the appellants, therefore, acquired no title to the chattel in dispute.

The judgment is affirmed.