Leatherman, Appellant, v. Moyer.

364

Argued November 19, 1931.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Stadtfeld, JJ.

*John D. DuBois,* for appellant.

*Thomas Ross,* and with him *Asher K. Anders,* for appellee.

OPINION BY STADTFELD, J., December 16, 1931:

This case involves the right of an execution creditor to levy upon and sell certain personal property of a defendant in the latter's possession under a certain writing in form following:

"Doylestown, Pa., July 1, 1929.
$355.00/xx with interest.

One month after date, for value received I, or we, or either of us, promise to pay to O. J. Leatherman, Doylestown, Pa., or order the sum of three hundred fifty-five dollars. Payable at Doylestown Trust Company with interest at 6 per cent. per annum from July 1 until paid. I hereby authorize any attorney, prothonotary of any court of record in this State to confess judgment against me for the above sum, with costs of suit and five per cent. attorney's fees, hereby waiving inquisition and all exemption.

It is expressly agreed that the title to the 3 cows for which this note is given shall remain in O. J. Leatherman until this note is paid in full. In default of payment thereof or an attempt to sell the 3 cows or if I misuse said 3 cows or if it shall be seized under a writ of attachment or execution against me, or if O. J. Leatherman at any time deems himself insecure he may take possession of said property before maturity thereof and sell it at public or private sale, without any notice whatever, applying the net proceeds hereon and in consideration of the use of said

3 cows I agree to pay any balance remaining unpaid after such application until paid in full.

Post office ....................

County ................. R. D. No. .........

Witness my hand and seal.

Aug. 1.

P. M. Robbins (SEAL)

Mildred M. Robbins (SEAL)

Witness to signature    S. Elva Leatherman.

O. J. Leatherman

Live stock

Doylestown, Pa.

(Endorsement on back):

O. J. Leatherman.

The three cows in question were levied upon by the sheriff as the property of Mildred M. Robbins and Peter M. Robbins, defendants in a certain judgment at the suit of Theodore M. Moyer, whereupon a property claim was filed on behalf of Oliver J. Leatherman, named in the writing supra. The sheriff thereupon presented his petition for an interpleader, and an order was made framing an issue between the claimant and the plaintiff in the execution. Upon the trial of said issue, the court directed a verdict for the defendant in the issue upon the construction of the paper writing, the jury finding the value of the cows in the sum of $355. Judgment was subsequently entered in favor of defendant on the verdict. From said judgment this appeal was taken.

The court construed the writing as constituting a conditional sale, and never having been recorded was not binding upon the execution creditors.

Appellant contends that the writing constituted a bailment and not a conditional sale, and that is the sole question involved in this appeal.

The paper provides for the payment of a definite sum, and authorizes a confession of judgment against

the makers for the same. Title is reserved in the payee until the payment of said sum in full. There is no term of leasing mentioned, and no rental provided to be paid, nor any provisions for the return of the cows at any definite period. It is only in the event of default in payment, or an attempt to sell the cows, or a misuse of the same, or a seizure under attachment or execution, or if the vendee deems himself insecure, that a right of repossession before maturity is given to the payee. It expressly sets forth "that the title to the three cows, *for which this note is given* shall remain in O. J. Leathermen until this note is paid in full." The note was, as expressed therein, given *in payment for the cows.* It was simply a reservation of title in the vendor as security for the payment of the purchase price, valid as between the parties, but void as to execution creditors.

Whether a contract is a conditional sale or one of bailment, where ownership does not pass until certain conditions have been complied with, depends on the intention of the parties as expressed in the written agreement, or disclosed by the evidence.

The Conditional Sales Act of 1925, P. L. 603, defines a "conditional sale" to mean "Any contract for the sale of goods under which possession is delivered to the buyer and the property in the goods is to vest in the buyer at a subsequent time, upon the payment of part or all of the price, or upon the performance of any other conditions or the happening of any contingency." This writing which is the sole basis of claimant's alleged title to these cows, comes directly within the foregoing definition.

"The provision that the title and ownership of the property 'shall not part from Weikel and Marks, nor vest in me until this note is fully paid and satisfied' is inconsistent with the claim of a lease and supports

the contention of a conditional sale": Hays v. Weikel and Marks, 76 Pa. Superior Ct. 465, 467.

"But what is conclusive of the character of the transaction, is the stipulation that 'the ownership shall remain in Mary Hicks until payment is made in full.' If it was merely an hiring, the ownership would have remained in Mrs. Hicks all the time, without any such stipulation": Summerson v. Hicks, 134 Pa. 566.

In that case, the instrument to be construed was:

"This is to certify that I have this day leased to John Summerson 1 pair of dark bay horses for the sum of one hundred and twenty-five dollars, to be paid by the first of April, 1886; and in case the said John Summerson shall fail to make said payment as above agreed to me (Mary Hicks), then I shall have full and free possession of said horse team; and it is further agreed that the ownership shall remain in hands of Mary Hicks until payment is made in full.

"Leidy, Pa., Oct. 31, 1885.

"Witness:        Mary Hicks   (SEAL)
"H. Fish        John Summerson   (SEAL)."

Of this document the court said: "It is called a lease, but it is manifestly a sale. No term is stipulated for the hiring, nor any rate per month or per annum."

"It appeared from the testimony that the payments provided for equalled in amount the full market price of the roller, and the manifest purpose of the arrangement was to secure the payment of the price of the roller by retaining the title after having parted with possession. As against creditors this cannot be done": Kelly Road Roller Co. v. Spyker, 215 Pa. 332, 333.

In Stern and Company v. Paul et al., 96 Pa. Superior Ct. 112, 116, our Brother CUNNINGHAM reviews a number of cases, distinguishing between bailments and conditional sales, saying:

"Perhaps no entirely satisfactory and accurate definition of a bailment lease, as distinguished from a conditional sale can be given. It may, however, be said that, generally, where a person receives possession of a chattel under an agreement which contains apt words of lease, fixes a definite term and a certain rental, and includes an undertaking to return the same property at the termination of the lease, the mere fact that the bailee has an option to purchase the property during or at the expiration of the period of the lease does not transform the transaction into a conditional sale. One further factor may be added: It is important that the bailment should be for use and not for sale: Leitch v. Sanford Motor Co., supra; Root v. Republic Acceptance Corp., 279 Pa. 55, 57; Hoeveler-Stutz Company v. Cleveland Motor Sales, 92 Pa. Superior Ct. 425; Com. v. Williams, 93 Pa. Superior Ct. 92.''

The instrument in the instant case, as hereinbefore stated, lacks all the important essentials of a bailment.

The provision for a resale in case of re-taking possession and applying the net proceeds on the note, is also a strong feature indicating that the paper was intended as constituting a conditional sale. If intended as a bailment, such provision was unnecessary.

We are of the opinion that the court correctly construed the paper as a conditional sale, and the assignments of error must be overruled.

Judgment affirmed.