## Decker, Appellant, *v.* Williams.

Argued December 14, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Harry R. Back,* with him *Joseph S. Levine,* for appellant.

*T. McKeen Chidsey,* with him *William A. Frack,* for appellee.

OPINION BY STADTFELD, J., January 27, 1938:

This is an appeal from a judgment entered in favor of defendant upon an affidavit of defense raising questions of law.

Plaintiff's statement of claim sets forth an agreement in writing, labelled "Conditional Sales Contract," providing for the transfer of certain office equipment and dental supplies subject to certain terms and conditions. Under the terms of the contract, defendant undertook to "lease and demise" the articles and plaintiff agreed to pay "for ' the use of the same" to defendant "during the full term of this lease," the sum of $1,781.06 payable as follows: down payment of $456.06 and the balance in twenty-five equal monthly installments of $53 each. Plaintiff agreed to "use said leased property in a careful and prudent manner"; agreed not to remove the "said leased property"; agreed to surrender up the same "at the expiration of this lease" in good condition; and if he desired to purchase "said leased property," upon surrendering the same, the defendant agreed to sell for $1,781, and the amount received for the "rent" was to be applied to the purchase price. The agreement further provided, "That in case said party of the second part (plaintiff) shall fail to pay rent as herein set forth, or shall remove or attempt to remove the said leased property from the limits of premises named below without the consent of the party of the first part (defendant), or shall fail to surrender up said leased property at the expiration of said lease, or shall fail to perform any of the covenants herein specified for him to perform, then in either case said party of the first part shall have the right to declare this lease void, so far as the rights of the said party of the second part are concerned, and the said party of the first part shall have the right to take immediate possession of said property wherever they may find the same. ......"

Defendant delivered the supplies to plaintiff and plaintiff proceeded to pay defendant under the contract the sum of $1,208.46, representing the down payment plus the several monthly rentals due up to and including March, 1931. On or about April 16, 1931, plaintiff defaulted in the payment of the rentals due for the months of April and onward. Without giving plaintiff notice of his intention to do so, defendant forthwith repossessed all the articles and merchandise from plaintiff except such minor supplies as plaintiff had necessarily consumed during the period. Defendant then sold the articles for $1,200 without giving or posting notice of the intended sale.

Appellant contends (1) that the transaction was a conditional sale, and hence he is entitled to recover damages because of appellee's failure to comply with the Uniform Conditional Sales Act of 1925 P. L. 603, and (2) that appellee's statutory demurrer should have been dismissed and the case tried before a jury.

Where the terms of a written contract are clear and unambiguous, the construction thereof is a question of law for the court: *Crelier v. Mackey*, 243 Pa. 363, 90 A. 158. It is improper to prove or submit to the jury what either party to the written agreement considered its meaning or its legal effect. Where in an action of assumpsit it appears that the case turns upon the interpretation of a written contract set forth in the statement of claim and affidavit of defense, and there is no substantial dispute as to facts, the court may properly enter judgment on the pleadings. For as the court said, in the case of *Continental Title & Trust Co. v. Devlin*, 209 Pa. 380, 58 A. 843, at p. 584: "...... had the issue come to a trial before a jury it would have been the duty of the court, if it had interpreted the writings, to have peremptorily directed a verdict for one side or the other." See also *Jackson et al. v. Myers*, 260 Pa. 488, 103 A. 953. In the instant case, the terms

of the written agreement are clear and unambiguous, and there is no dispute as to the facts. The sole question, therefore, is one of construction for the court to decide as a matter of law.

The lower court construed the written contract as constituting a bailment lease. With this construction we agree. Appellant's contention is based chiefly upon the facts that the agreement was labelled "Conditional Sales Contract" and that some of the items included in the contract were intended for sale or consumption. These items were obviously subordinate and incidental to appellee's use of the major articles, and of little value and readily replaced.

The contention that the typewritten designation of "Conditional Sales Contract" at the beginning of the agreement established the true character of the contract, is without merit. Whether or not a contract is one of conditional sale, or a contract of a different nature, is a question of the intent of the parties as shown by the language of the whole contract without regard to its form or the name which the parties may have given it. This proposition has been clearly formulated in the case of *Ott v. Sweatman,* 166 Pa. 217, 31 A. 102, where the syllabus states, "The courts, in determining whether or not a contract is one of bailment, or one of sale with an attempt to retain a lien for the price, do not consider what name the parties have given to the contract, but what is its essential character."

We are of the opinion that the essential character of the written instrument in the instant case properly requires the construction that has been placed upon it by the lower court. It is a bailment lease. The leading case of *Stern & Co. v. Paul et al.,* 96 Pa. Superior Ct., 112, gives the tests which govern here. The syllabus of that case, approved in many subsequent cases, reads as follows: "The distinction between a bailment and a conditional sale is difficult to define in general terms

and the mere use of technical words will not prevent a Court from looking at the real nature of the transaction and declaring that an agreement purporting to be a bailment is really a conditional sale. Generally, where a person receives possession of a chattel under an agreement which contains apt words of lease, fixes a definite term and certain rental, and includes an undertaking to return the same property at the termination of the lease, the mere fact that the bailee has an option to purchase the property, during or at the expiration of the period of the lease, does not transform the transaction into a conditional sale.

"The Pennsylvania Conditional Sales Act of May 12, 1925, P. L. 603, differs, in several important particulars, from the Commissioner's Draft of the Uniform Conditional Sales Act as adopted in some states. Bailment leases are not included in our Act."

The agreement in the instant case contains all the important essentials of a bailment and in this respect is distinguished from the instrument in the case of *Leatherman v. Moyer,* 104 Pa. Superior Ct. 363, 157 A. 622. cited by appellant. It is apparent, therefore, that the Pennsylvania Conditional Sales Act of 1925 does not apply to the transaction in the instant case and that the rights of the parties are not affected by the provisions thereof: *General Motors Acceptance Corp. v. Hartman,* 114 Pa. Superior Ct. 544, 174 A. 795.

Judgment affirmed.