# Ferris Motors Corporation, Inc., to use, Appellant, *v.* Lebegern et al.

*Bailment—Lease—Sale—Judgment—Levy.*

1. Where a bailment lease of an automobile authorizes entry of judgment against the lessees if the car is levied upon, or on breach of certain other covenants, and the lease is assigned by the lessor, the assignee cannot cause judgment to be entered under the lease, because the car was replevied in an action by the lessor's vendor based on a claim of property and right of possession, paramount to that of the lessor, and not on any act or breach of covenants by the lessee.

2. In such case, the rights of the assignee were no higher than those of the assignor.

Argued January 5, 1923. Appeal, No. 127, Jan. T., 1923, by use-plaintiff, from order of C. P. No. 3, Phila. Co., March T., 1922, No. 6794, making absolute rule to open judgment, in case of Ferris Motors Corporation, Inc., to use of Automobile Banking Corporation. Inc., v. Edith S. Lebegern et al. Before FRAZER, WALLING, SIMPSON, KEPHART and SCHAFFER, JJ. Affirmed.

Rule to open judgment.
The opinion of the Supreme Court states the facts.
Rule absolute. The use-plaintiff appealed.

*Error assigned* was order, quoting it.

*A. E. Hurshman,* for appellant.

*Robert J. Boltz,* for appellee, was not heard.

PER CURIAM, February 19, 1923:
On April 12, 1922, the Ferris Motors Corporation, of the City of Philadelphia, delivered to defendants, under a bailment lease, a Ferris roadster automobile. The term of the bailment was twelve months with a total rental of $3,300, payable $1,100 cash and the balance in twelve equal monthly installments of $187.33. The lease contained the usual covenants on part of lessees to pay the rental and, inter alia, a provision that "in case the property becomes subject to any levy by any officer or public official......or if at any time [lessors] shall deem the said property or lessors' rights therein insecure, then and in such event the whole of the rent reserved in the within lease for the full term thereof (less the rentals paid prior thereto) shall become due and payable forthwith." The lease contained a further provision authorizing the lessor to employ counsel and enter judgment against defendants for the full amount of unpaid rentals in case of any default on their part. The lease, with the consent of the parties, was assigned to the Au-

tomobile Banking Corporation, Inc. April 19, 1922, the car was delivered to the Ferris Motors Company, the lessor, by defendants, for the purpose of having repairs and minor adjustments made and, on April 21, 1922, while in that company's possession for the purpose indicated, was seized by the sheriff of Philadelphia County in an action of replevin instituted by the receivers of the Ohio Motor Vehicle Company, based on a claim of property and right of possession paramount to that of the Ferris Company. The Automobile Banking Corporation, having obtained leave to intervene, filed its bond and received possession of the car and thereupon caused judgment to be entered against defendants by confession under the bailment lease, alleging, as default for so doing, the seizure of the car in the replevin proceedings. On petition of defendants the court made absolute a rule to show cause why the judgment should not be opened and defendants allowed to defend. From that order the use-plaintiff appealed.

Under the lease in question plaintiff's right to enter judgment must be founded upon a default on the part of defendants. To ascertain whether or not there was such default as to warrant judgment, the entire agreement must be considered, not a single sentence, and the intention of the parties determined at the time of its execution. Considering the case in this light, we find defendants' covenants are: to pay rent; use the car properly; not remove it from the county; nor assign, encumber or sublet; make necessary repairs and maintain insurance; not one of which covenants the record shows has been violated. In no part of the agreement do we find a covenant to protect the car against the engagements or shortcomings of lessor, such as those upon which the replevin proceeding is founded, and certainly it was not the intention of the parties that the agreement should be so interpreted. The banking corporation's rights rise no higher than those of its assignor and the certificate of no defense attached to the bailment lease imposes no obli-

gations on defendants beyond those contained in the lease itself.

Plaintiffs have $1,100 of defendants' money, also, by reason of their counterbond, the possession of the automobile, and now seek to recover an additional sum of $2,200, although from the record as it now appears defendants are guilty of no default, omission or neglect under the terms of the lease.

The order of the lower court opening the judgment is affirmed.