# Republic Acceptance Corporation *v.* Smith.

*Automobiles—Replevin—Landlord and Tenant—Liability for Distress—Bailment Lease—Effect of.*

An automobile sold under a bill of sale by a tenant of real estate, and immediately rented to that tenant without change of possession and in circumstances in which the tenant appeared to be the owner of the car with power to sell it, is liable for distress for rent under a landlord's warrant.

A landlord who has distrained upon an automobile is entitled to the benefits thereof, and, in the event of bankruptcy of the tenant, is not required to surrender his security and to go into the bankruptcy court to prove his claim.

Argued May 8, 1926. Appeal No. 79, April T., 1926, by plaintiff, from judgment of C. P. Cambria County, June T., 1922, No. 722, in the case of Republic Acceptance Corporation v. W. C. Smith. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Reversed.

Replevin for goods taken under landlords warrant. Before Evans, P. J.

The facts are stated in the opinion of the Superior Court.

The Court rendered a verdict in favor of the defendant. Subsequently the Court, on motion, entered judgment in favor of the Trustees in Bankruptcy in the sum of $2,050. Plaintiff appealed.

*Errors assigned* were various rulings on evidence, charge of the court, answer to points, and the judgment of the Court.

*J. Earl Ogle, Jr.,* for appellant.

*Frank P. Barnhart,* and with him *Russell R. Yost,* for appellee.

Opinion by Linn, J., July 8, 1926:

Plaintiff complains that its claim of title to an automobile in the possession of a dealer was held insufficient to exempt it from distress for rent due by the dealer. Plaintiff lends money on the security of automobiles. Defendants are a landlord and his bailiff. These defendants had seized the automobile with other property in distress for rent due by a tenant named Blough. He had been conducting an automobile selling business on the leased premises and owed nearly six months' rent when the distress was made on May 15, 1922. On May 27, 1922, plaintiff brought replevin and on May 29th the sheriff took the automobile and on June 3, delivered it to plaintiff. There was a trial (sec. 6 and 7 of the replevin act, 1901 P. L. 89) and the jury rendered a special verdict in favor of the landlord and his bailiff, finding (1) the value of the No. 359. Republic Acceptance Corporation, Appellant, car to be $2050; (2) the amount of rent due to be $5324.14, and (3) that the distress for rent due was

regular. The plaintiff moved for judgment n. o. v., under the act of 1905, and complains that its motion was not granted.

Blough, the tenant, purchased the automobile from its manufacturer and had it in his possession. On March 8, 1922, he executed a bill of sale transferring it to plaintiff apparently as security for a loan, and, though the car never left Blough's possession, on the same day the plaintiff by writing leased it to Blough at a rental of the same amount as the so-called purchase price, payable in three months, with the right in Blough to re-purchase at the end of the term for the sum of $1 if the terms of the lease had meanwhile been complied with; at the same time, Blough also executed a storage receipt to the plaintiff for the automobile. Plaintiff also agreed that Blough might sell the car within the term, in which event plaintiff should receive out of the proceeds of the sale the rental or any part due.

A paper title, so obtained, plaintiff contended, exempts the car from the distress for rent, and justified the sheriff in delivering the car to plaintiff and now prevents recovery by the defendant landlord. Such a transaction was considered in Root v. Republic Acceptance Corp., 279 Pa. 55, and what was said in the opinion in that case is sufficient reason for here holding that plaintiff had no title whatever to the automobile as against the landlord's claim for rent in arrears. Nevertheless the learned counsel for appellant presents an elaborate argument urging that this court adopt a rule exempting from distress for rent, automobiles held as this one was; such rule is said to be necessary by what he describes as the very extensive automobile selling business usually so conducted. Not only have we no power to adopt the rule, but we know of nothing commending the commercial practice described by Mr. Justice SCHAFFER in Root v. Republic Acceptance Corp., supra, as "the camouflage of papers giving a

similitude of the passing of title." Appellant was therefore not entitled to judgment n. o. v.

We come, then, to the question, for whom should judgment have been entered on the whole record, and to the consideration of an additional element in the proceeding not yet mentioned. On the 29th day of May, after the landlord's seizure, an involuntary petition in bankruptcy was filed against the tenant, Blough, and on the 19th of June he was adjudicated bankrupt. His trustees in bankruptcy obtained leave to intervene in the replevin proceeding and filed an affidavit of defense, denying plaintiff's right to take the automobile but in no respect questioning the landlord's claim or the validity of his proceeding. But in disposing of the motion for judgment n. o. v. the court nevertheless made an order stating that "subject of course to the preference on this particular fund by the landlord, arising out of his claim for rent and levy upon the property. It is directed that judgment be entered in favor of Russell Yost and R. H. Coleman, trustees in bankruptcy of Alvin Blough, the intervening defendants, in the sum of $2050."

Before bankruptcy the landlord by his distress had in his possession this car which in effect had thereby become a pledge for the payment of the rent due; the proceeding was in rem; by the replevin the security of the bond was substituted for the thing distrained on and the pledge was released, leaving the parties to the action provided by the statute. The trustees in bankruptcy had not questioned the right of the landlord to make his rent out of the property distrained on and found no fault with the verdict. There would seem to be no reason why this landlord should be required to go into the bankruptcy court to prove his claim to collect the rent in suit, or, on the other hand, why the expense of administering the bankrupt's estate should be increased by unnecessarily making this rent an element of that administration. He is entitled to the

349, (1926).]            Opinion of the Court.

benefit of his distress for rent: Henderson v. Mayer, 225 U. S. 631. On the whole record, therefore, we are of opinion that judgment should have been entered on the verdict for the original defendants.

The judgment is reversed and the record is remitted with instructions to enter judgment on the verdict for the defendant Smith in the sum of $2050 with interest.