## Horten, Appellant, *v.* Colonial Finance Corporation.

*Sales—Personal property—Transfer of title—Possession—Delivery—Rights of creditors.*

Delivery of possession is necessary in order to make a transfer of title to personal property valid, against the creditors of the vendor. It is indispensable that the vendee assume such control of the property as ought reasonably to indicate a change of ownership. In considering what is an actual delivery, the nature of the property and the circumstances of the sale must be regarded.

In the case of property readily susceptible of actual delivery, there must not only be a delivery, but a continuing possession in the vendee for such time as would reasonably give notice to all concerned of the change of ownership. Where the possession is concurrent, or the vendor appears to occupy the same relation to the property as he did before, the transfer is void as against creditors.

Where an automobile was continuously in the possession of the vendor, except for a few hours when the vendee took possession to show it to his family, there was not such a delivery of possession and exercise of ownership, as would prevent an effective levy by the creditors of the vendor.

Argued April 19, 1927. Appeal No. 136, April T., 1927, by plaintiff from judgment of C. P. of Cambria County, September T., 1922, No. 529, in the case of John Horten v. Colonial Finance Corporation, a corporation. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Sheriff's interpleader to determine title to property levied on. Before McCANN, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff. Subsequently the court on motion entered judgment non obstante veredicto for the defendant. Plaintiff appealed.

*Errors assigned,* among others, was the granting of defendant's motion for judgment non obstante veredicto.

*J. J. Kintner,* of *Stephens and Kintner,* for appellant, cited: Bowersox v. Weigle & Myers, 77 Pa. Superior Ct. 367; Barlow v. Fox, 203 Pa. 114; Crawford v. Davis, 99 Pa. 576.

*J. Earl Ogle, Jr.,* for appellee.

OPINION BY TREXLER, J., July 8, 1927:

On the 13th of April, 1922, L. G. Bailey, who was an automobile dealer, living in the City of Johnstown, received from John Horten, the sum of $900, with which Bailey was to purchase a car. Before the car was purchased Bailey gave Horten a note for the amount. Bailey went to Pittsburgh and bought the car and brought the same to Horten who says "I run it around and showed it to my family and then took it to him because he said he had a purchaser for it." In addition to the $900 note, Bailey gave Horten a note for $1,000, in which it was stated that he had deposited a certain automobile giving the number of the car and the motor number as collateral security for the payment of said sum. Subsequently, a writ of fi. fa. was issued by a creditor of Bailey and the sheriff levied upon the car in question. Horten claimed it and an issue in interpleader was framed and tried. The jury found in favor of the plaintiff, Horten, but the court in banc subsequently entered judgment non obstante veredicto. The question before us is, was this correct?

Bailey borrowed the money from Horten to buy the car. When he got it he used it and apparently exercised dominion over it to the fullest extent. It was in his possession from the time it was brought to Johnstown until it was levied upon by the sheriff, except upon one occasion for a few hours when Bailey took it to the place where Horten was and said "Here is your car" and Horten took the car, as he claims, under

the right given him in the collateral note which allowed him to sell it to himself, Horten showed the car to his family and then redelivered it to Bailey, telling him if he sold the car, he should bring the money to Horten.

As between the appellant and Bailey, the transaction was valid, but as against innocent purchasers without notice or execution creditors, it amounted to nothing because Bailey continued in open and notorious possession. It was Horten's duty to take possession of the property under such circumstances as would show an assertion of ownership and for such a time as would give notice to those concerned.

In our case, Bowersox v. Weigle & Myers, 77 Pa. Superior Ct., 367, this court speaking through Judge HENDERSON said: "It is indispensable that the vendee assume such control of the property as ought reasonably to indicate a change of ownership. In considering what is an actual delivery, the nature of the property and the circumstances of the sale must be regarded ...... In the case of property readily susceptible of actual delivery there must be not only a delivery, but a continuing possession in the vendee for such time as would reasonably give notice to all concerned of the change of ownership ...... Where the possession is concurrent or the vendor appears to occupy the same relation to the property as he did before, the transfer is void as against creditors." The cases upon the subject were reviewed in the opinion of that case and it is not necessary here to repeat what was so well said there. The principle laid down in the above case is followed in Root v. Republic Acceptance Corp., 279 Pa., 55, and our recent case, Barnett v. Cain, 88 Pa. Superior Ct., 106. Under the undisputed facts in this case, as a matter of law, the court was right in deciding that there was not such a delivery

of possession to Horten and the exercise of ownership as would prevent effective levy by the creditors of Bailey.

The judgment of the lower court is affirmed.