## General Credit Corporation v. Penn Securities Company et al.

*Larzelere & Wright*, for plaintiff.

*High, Dettra & Swartz*, and *Butz & Rupp*, for defendants.

CORSON, J., April 29, 1935.—As the facts in the present case are stipulated of record, the trial judge finds as the facts of this case the facts set forth in such stipulation.

### Discussion

Upon these facts, it would seem that the sole question to be decided is the right of the plaintiff or defendant finance company to the possession of the automobile described in the writ, hereinafter referred to as "the automobile". This question must be determined by our decision as to whether plaintiff, as assignee of a bailment lease made by an assignor who had possession of the automobile by virtue of a trust receipt in favor of the defendant Penn Securities Company, has the right to the possession of the automobile in question as against such defendant.

It is admitted that the plaintiff is an innocent purchaser for value of the bailment lease. While technically perhaps

the suit should have been brought in the name of the Mock Motor Company, the assignor of the bailment lease, to the use of the present plaintiff, yet from the added stipulation attached to the transcript this question drops out and the decision in this case rests alone upon the rights of the General Credit Corporation as against the Penn Securities Company.

Admittedly, the rights of the plaintiff can rise no higher than the rights of its assignor at the time of the assignment of the bailment lease: Ferris Motors Corp., Inc., to use, v. Lebegern et al., 276 Pa. 395.

If the Mock Motor Company could not recover the automobile as against the present defendant, similarly the present plaintiff cannot recover. Admittedly, the Penn Securities Company had a good title to the automobile when it turned it over to the Mock Motor Company and received from the Mock company a trust receipt. At that time, the defendants were the owners of the automobile, and the question arises whether or not the taking of the trust receipt changed that situation.

In the case of In re James, Inc., 30 F. (2d) 555, the court, in discussing trust receipts, said:

"While the title in the case of a pledge is in the pledgor . . . such is not true in a trust receipt, where the title is intended to remain in the party secured while the possession is intrusted to one who has a certain interest as yet indefinite in the property. The practice of a conditional sale bears some resemblance to a trust receipt. Possession cannot be retaken until there is a default; whereas in a trust receipt, it can be retaken at any time."

The same case goes on to hold that the holder of a trust receipt holds title to a property superior to any claim of creditors of the person having possession of the chattel.

One of the few cases in Pennsylvania discussing trust receipts is the case of Hamilton et al. v. Billington, 163 Pa. 76. In that case, a dealer received possession of certain bicycles, giving a trust receipt therefor. The court held that the dealer took no title in the goods which would

render them liable to execution for his debts. The court further held that: "At the very utmost the contract was but a bailment for sale without any title or ownership of any kind in the bailee in any event." See also Monjo et al. v. French et al., 163 Pa. 107, citing the Billington case, supra.

Whatever may have been the rights of the Mock Motor Company, it never, in its relation with its lessee, parted with whatever title it had, although it did part with the possession of the corpus of the trust. At most, the plaintiff acquired nothing more by the assignment than the right to collect instalments under the lease and to repossess in case of default, but this right could be asserted only as against the lessee and not as against the Penn Securities Company, not a party to the lease and holding paramount title to the subject matter of the lease.

The plaintiff cannot set up either the bailment lease or the assignment of such lease as against the paramount title of the Penn Securities Company. The only power the Mock Motor Company had under the trust receipt was to sell this automobile. A bailment lease transaction is not a sale but a bailment and I doubt if either of the automobile finance companies involved in the present suit would care to contend otherwise. Plaintiff's contention, therefore, that the purchase of the bailment lease gave it title to the car is without merit. If it did obtain such title, its relation can be no more than that of a creditor to either the Mock Motor Company or the lessee, since no possession was ever taken of the car by the plaintiff. See Commercial Banking Corp. v. Meade, 104 Pa. Superior Ct. 447.

The plaintiff cites the case of Root v. Republic Acceptance Corp., 279 Pa. 55. This case is undoubtedly good law but would seem to be limited to situations where an innocent purchaser for value of the property itself has acquired certain rights as against the lessor. The present plaintiff is not a purchaser but is merely an assignee of a bailment lease acquiring rights under that lease and not

title to the property. The plaintiff is charged with the duty as assignee of inquiring by what right the lease is made and what defenses are outstanding to the title, in the same manner as if the assignor had assigned a lease made on a third person's property in which he had no interest whatever. Certainly, the plaintiff would not contend that it had the right to replevin property of such third party, and we can see no more reason or merit in its contention under the facts in the present case.

Upon the findings of fact, the trial judge makes the following

### Conclusions of law

1. That title to, and right to possession of, the automobile in question at the time of the issuance of the writ of replevin was in the Penn Securities Company;

2. That the General Credit Corporation has never had title to, or possession of, the automobile in question;

3. That the following decree must be entered:

And now, April 29, 1935, for the reasons given in the foregoing opinion, the trial judge, upon the facts and law, finds a verdict in favor of the defendant Penn Securities Company.