In re DORAN.

No. 20050.

District Court, W. D. Pennsylvania.

Feb. 20, 1943.

Lavelle A. Wilson and Wilson & Wilson, all of Brookville, Pa., for trustee.

Geo. F. Whitmer, of Clarion, Pa., for bankrupt.

Ritchie T. Marsh, of Erie, Pa., referee.

J. D. Trax and Judson E. Trax, both of Oil City, Pa., for Liquidating Trustees of Oil City National Bank.

SCHOONMAKER, District Judge.

This case came before the court on a certificate of review to review an order of a referee in bankruptcy, Alexander S. Scribner, January 31, 1939, denying the petition of the liquidating trustees, Oil City National Bank, to reclaim certain dental equipment in possession of the bankrupt at Franklin, Pennsylvania, which, it is claimed, the Bank leased to the bankrupt by bailment lease dated the 18th of February, 1928. This particular equipment, at the time of this lease, was in the possession of the bankrupt in Room 406 of the Oil City National Bank Building, which room was occupied by the bankrupt under a tenant lease from the Oil City National Bank dated February 18, 1928, and running for the term of fifteen months. By bill of sale dated June 28, 1928, the bankrupt purported to convey to the Bank for the consideration of $3,000, this dental equipment located in this Room 406 of the Oil City National Bank Building. At this time the bankrupt was indebted to the Bank in the sum of $2,200.

The Referee found that several days before June 28, 1928, the bankrupt had surrendered to the Bank his key to this Room 406 in the Oil City National Bank Building where this equipment was located. There was no finding by the Referee that the lease in question, or the room itself, had been surrendered. And the bankrupt, in the meantime, had access to this room, according to the testimony taken before the Referee.

On June 30, 1928, the Bank and the bankrupt executed a bailment lease for this dental equipment located in this same room in the Oil City National Bank Building for the term of one hundred and twenty months at a monthly rental of $25 per month; the first rental being payable on August 1, 1928, and monthly thereafter. The lease contained an option that the Lessor might terminate the lease on default of payment by the Lessee of the rentals provided in the lease; and upon such termination, possession of the dental equipment was to be surrendered to the Lessor. The Lessor gave to the Lessee the option to purchase said dental equipment for the sum of $3,000, agreeing that all previous monthly rentals which had been paid by the Lessee, might be credited on the purchase price of the dental equipment which was fixed at $3,000. And in the event of such purchase, interest was to be charged on the purchase price of $3,000 from July 3, 1928. The terms of this lease were not carried out in the payment of the rentals provided for. The dental equipment was later removed from the Oil City National Bank Building by the bankrupt and taken by him to Clarion, Pennsylvania, where it remained in his possession until he was adjudged a bankrupt and the property came into the possession of the trustee.

The Referee held that the bill of sale was valid, which gave to the Oil City National Bank title to the dental equipment in question; but that the so-called bailment lease was not a true bailment, being a sale of the dental equipment by the Bank to the bankrupt; and that therefore the trustee was entitled to retain the property and dispose of it in accordance with the Bankruptcy Act, 11 U.S.C.A. § 1 et seq. The reclamation petition was therefore dismissed.

The trustees of the Bank contend on this certificate of review that the Referee erred in so holding. The trustee in bankruptcy contends that the purported bill of sale gave no title of the dental equipment to the Bank, because there was no real change in possession, in view of the fact that the bankrupt still had access to the room where the equipment was located; and that the tenant lease for that room remained in the bankrupt, and was not cancelled at the time the bill of sale was given.

The counsel for the trustees of the Bank contend that we cannot, on the present certificate of review, pass upon the question of whether or not, by the bill of sale in question, the bankrupt conveyed a good title of this equipment to the Bank, because the trustee has not applied for any

certificate of review, so far as concerns the finding of the Referee that the bill of sale was valid.

With that position we cannot agree. As we view the situation, when the trustees of the Bank filed their certificate to review the order of the Referee, we had authority to pass on the entire proceedings and determine from the petition, answer and evidence whether the Referee's order, complained of, was valid. In our opinion, in the review of the evidence, the bill of sale and the so-called bailment lease must be considered together as a part of the same transaction. As it appears to us, these two papers were executed merely for the purpose of giving the Bank a lease of personal property for an existing indebtedness owed by the bankrupt to the Bank.

The Pennsylvania courts have repeatedly said that the court will examine the real nature of the transaction to determine whether or not there was a valid bailment. See Root v. Republic Acceptance Corporation, 279 Pa. 55, 123 A. 650; S. F. Bowser & Co., Inc., v. Franklin Mortgage & Investment Co., 305 Pa. 459, 158 A. 170.

As we view the transaction in the instant case, the Bank wanted security for money owed to it by the bankrupt, and took from the bankrupt a bill of sale of this dental equipment merely for the purpose of securing a lien upon that equipment by means of the bill of sale in question. The tenant lease of Room 406 was not surrendered to the Bank at the time the bill of sale was executed on June 28, 1928, nor was any new lease given by the Bank to the bankrupt when the so-called bailment contract was executed under date of June 30, 1928. We therefore conclude that under this arrangement no valid title to this dental equipment passed to the Bank which was good against creditors in bankruptcy. See Root v. Republic Acceptance Corporation, 279 Pa. 55, 61, 123 A. 650. That being so, of course the bailment contract was of no force and effect, as the Bank never really secured a good title to the equipment as against creditors and the trustee in bankruptcy.

Upon the second question in the case, as to whether or not the bailment itself would be valid between the parties as against creditors and the trustee in bankruptcy, the Referee found that because the agreement did not contain any provision for the return of the dental equip-

ment at the conclusion of the agreement, it was an agreement of conditional sale rather than a bailment. With this view we could not agree. As we understand the Pennsylvania rule, the inclusion in the contract of an agreement to return the goods on the termination of the contract was not essential to the creation of a valid bailment. See Stiles v. Seaton, 200 Pa. 114, 49 A. 774; Walton v. Tepel, 3 Cir., 210 F. 161; Jacquard Knitting Machine Co. v. Vennell, 3 Cir., 59 F.2d 496. However, that is not a determining factor on the issue in this case. As we have already noted, the courts will examine the entire transaction in order to determine whether a valid bailment existed.

Our conclusion is that the order made by the Referee is a proper one, although we do not agree with him on the basis upon which the order is founded. The order of the Referee will therefore be affirmed.