## The National Bank of Arendtsville v. Hartman et al.

*Keith, Bigham & Markley*, for plaintiff.

*Swope, Brown & Swope*, for petitioner.

SHEELY, P. J., April 8, 1950.—The National Bank of Arendtsville issued a writ of fieri facias under which the sheriff levied upon a certain Ford truck as the property of Clare E. Hartman. A claim for the truck

having been filed by Gussie Cohen, the sheriff filed a petition for interpleader upon which a rule to show cause was issued. Gussie Cohen and The National Bank of Arendtsville filed answers to the rule and the matter is now before the court to determine whether the facts alleged are sufficient to justify awarding an issue to be tried before a jury.

The facts, which are assumed to be true for this purpose, are that the title to the truck in question was in Clare E. Hartman, subject to an encumbrance in favor of Universal C. I. T. Credit Corporation of Harrisburg, Pa., in the sum of $936.18. Between December 1, 1948, and November 10, 1949, Gussie Cohen advanced to Hartman the sum of $406.89; on August 6, 1949, she paid the credit corporation the sum of $53.05 on account of the encumbrance; on October 6, 1949, she paid an additional sum of $105.06 on account of the encumbrance; and on November 10, 1949, she paid the balance due on the encumbrance of $633 and the credit corporation marked the encumbrance "paid in full". On the same date, November 10, 1949, Clare Hartman, in consideration of the payments so made by Gussie Cohen, executed an assignment of the certificate of title of the truck to Gussie Cohen subject to an encumbrance of $1,200 in favor of Gussie Cohen, and Gussie Cohen executed in blank the "application for certificate of title by purchaser or lessee". The certificate of title was delivered by Hartman to Gussie Cohen but was not forwarded to the Department of Revenue for transfer, and the truck remained at all times in the possession of Hartman and was in his possession when levied upon on November 16, 1949. The arrangement between Gussie Cohen and Hartman under which he retained possession of the truck is not disclosed.

We may assume that as between them it was the intention to transfer the legal title of the truck to Gussie Cohen either as owner or as pledgee to secure the re-

payment of the amounts she had advanced for him. In view of the transfer to her subject to an encumbrance in her favor it would seem that it was not intended that she was to become the absolute owner but that she was to hold the title as security for the amounts advanced. The question presented is whether the retention of possession by the seller or pledgor under these circumstances is fraudulent as to execution creditors.

The rule in Pennsylvania has always been that a sale or a pledge of personal property unaccompanied by a transfer of possession is fraudulent as against subsequent bona fide purchasers, pledgees and execution creditors of the seller or pledgor: Clow v. Woods, 5 S. & R. 275 (1819) ; Newman v. Globe Indemnity Co., 275 Pa. 374 (1923) ; Horten v. Colonial Finance Corp., 90 Pa. Superior Ct. 460 (1937). In the latter case it was said: "It was Horten's (the purchaser) duty to take possession of the property under such circumstances as would show an assertion of ownership and for such a time as would give notice to those concerned." In this case the truck admittedly remained in the possession of Hartman and was subject to levy as his property unless the transfer of the certificate of title was sufficient to take the case out of the general rule.

Claimant has cited no authority to support her contention that the mere transfer of the certificate of title was sufficient to give her the ownership of the truck as against a levying creditor, and there is nothing in The Vehicle Code to indicate that the legislature intended that a transfer of a certificate of title, without delivery of possession, should be valid as against execution creditors of the transferor. Section 201 of The Vehicle Code of May 1, 1929, P. L. 905, as amended, 75 PS §31, was not designed to establish the ownership or proprietorship of an automobile but rather to register the name and address of the person having the right of possession: Majors v. Majors et al., 349 Pa. 334, 338 (1944).

If the transaction be considered as a transfer to Cohen as security for money advanced the case is governed directly by Atlantic Finance Corp. v. Kester et al., 156 Pa. Superior Ct. 128 (1944). In that case a car was sold to defendant in the execution and a certificate of title was issued to him subject to an encumbrance in favor of First Credit Corporation. That encumbrance was paid and satisfied. Thereafter successive loans were made to him by Commercial Banking Corporation and Atlantic Finance Corporation respectively and an attempt was made by each creditor to secure the loan by having a bill of sale made to the lender who then executed a bailment lease back to the owner without any change of possession whatever. In each case the certificate of title was transferred showing the lender as the holder of an encumbrance. It was held that this was insufficient as against a judgment creditor of defendant owner.

Claimant finally contends that even though the sale be considered fraudulent as to creditors claimant should be subrogated to the preferred position of the credit corporation as of November 10, 1949, when she paid its encumbrance. No authority is cited by her in support of this proposition. Claimant was a volunteer and the doctrine of subrogation would not apply: International Harvester Co. v. Tuscarora Township (No. 1), 43 Pa. Superior Ct. 410, 417 (1910) ; Lackawanna Trust & Safe Deposit Co. v. Gomeringer, 236 Pa. 179 (1912). Furthermore, subrogation could not be permitted in this proceeding. The procedure with respect to sheriff's interpleader is governed by the Sheriff's Interpleader Act of June 22, 1931, P. L. 883, 12 PS §2358, and is limited to cases where claimant notifies the sheriff that the goods levied upon *belong* to him. He is required to maintain his *title* to the goods claimed, and the sole issue to be tried is the question of title: At-

lantic Finance Corp. v. Kester et al., 156 Pa. Superior
Ct. 128, 130 (1944).

It follows that claimant has alleged no facts upon
which an issue in interpleader could be framed.

And now, April 8, 1950, the rule to show cause why
an issue in interpleader should not be framed is dis-
charged at the cost of claimant and the sheriff is di-
rected to proceed with his execution.