## Anchor Concrete Machinery Co., Appellant, *v.* Pennsylvania Brick & Tile Co.

*Contract—Sales—Conditional sale—Delivery of goods—Title— Sales Acts of May 19, 1915, P. L. 543, and May 12, 1925, P. L. 603.*

1. An innocent purchaser for value from a conditional vendee in possession acquires the title as against the vendor.

2. The Sales Act of May 19, 1915, P. L. 543, has not changed the rule.

3. In case of a bailment, the title of the bailor is not divested, unless there also appears facts other than the transfer of possession which estops him from making claim.

4. But where a conditional sale appears, the new buyer, without notice, who pays the full price, is protected against the unpaid vendor's secret claim of ownership.

5. The Sales Act of 1915, does not purport to deal with conditional sales.

6. Such sales are the subject of a separate act passed on May 12, 1925, P. L. 603.

*Contract—Sales—Machinery—Title—Act of June 7, 1915, P. L. 866.*

7. A contract to furnish machinery to a contractor for installation in a factory building, when carried out, is within the Act of June 7, 1915, P. L. 866, which provides a means through recording the contract by which the conditional vendor can keep its grasp on the machinery until paid, though actual possession was transferred.

8. Where a conditional sale is admitted, it is immaterial that the machinery was marked by plates with the name of the vendor thereon, if the jury finds that the purchase was made in good faith, without notice and for full value.

*Appeals — Assignments of error — Matter suggested in lower court.*

9. A matter not covered by an assignment of error will not be considered by the appellate court, although it may have been suggested in the court below.

Argued January 4, 1928.  Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 211, Jan. T., 1927, by plaintiff, from judgment of C. P. No. 4, Phila. Co., June T., 1924, No. 10181, on verdict for defendant, in case of Anchor Concrete Machinery Co. v. Pennsylvania Brick & Tile Co, Affirmed.

Replevin for machinery.  Before McCULLEN, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for defendant.  Plaintiff appealed,

Error assigned, inter alia, was refusal of binding instructions for plaintiff, quoting record.

*Edwin Fischer*, of *Rose & Fischer*, for appellant.— The title that a bona fide purchaser from a conditional vendee acquires must be governed by subsection 23 (1) of the Sales Act.

In order to estop a conditional vendor from asserting his title against a bona fide purchaser from the conditional vendee, it is not only necessary to show that the purchaser relied on some act of the conditional vendor as giving the conditional vendee the apparent ownership of the goods, but also that the purchaser had the right, on reasonable grounds, to rely on this act of the conditional vendor as establishing the ownership of the goods in the conditional vendee: Waters's App., 35 Pa. 523; Weist v. Grant, 71 Pa. 95; Comegys v. Russell, 175 Pa. 166, 34 Atl. 657.

Time and time again the Supreme Court of Pennsylvania has allowed a bailor of goods to assert his title against innocent third parties: Chamberlain v. Smith, 44 Pa. 431; Becker v. Smith, 59 Pa. 469; Enlow v. Klein, 79 Pa. 488; Dando v. Foulds, 105 Pa. 74; Ditman v. Cottrell & Sons, 125 Pa. 606.

A comparison of the American Sales Act with the English Sale of Goods Act confirms the correctness of the conclusion reached above.

*Harold B. Beitler*, with him *Edgar C. Van Dyke*, for appellee.—There was nothing in the transactions between Cemprod and appellee which was not in accord with Sales Act of May 19, 1915, P. L. 543.

OPINION BY MR. JUSTICE SADLER, January 23, 1928:

The Anchor Concrete Machinery Company, plaintiff, was the manufacturer of patented devices used in the moulding of tiles and bricks, and contracted with the Cemprod Engineering & Construction Company to fur-

nish certain specified machines to be used by it in the erection of a plant for the Pennsylvania Brick & Tile Company, defendant in this proceeding. The work for the latter was carried on under an agreement with the Cemprod Company dated January 13, 1923, which specified in detail the appliances to be installed. These were purchased by the contractor from the plaintiff, and forwarded to Philadelphia where the building was in course of construction, the various pieces being marked with plates indicating that the Cemprod Company was the owner. On April 16, 1923, the Cemprod Company executed and delivered to the Anchor Company a writing in which it was set forth that title to the machines supplied should remain in the seller until fully paid for, but the defendant had no knowledge of this agreement.

The machinery was forwarded and installed in the new building of the Brick & Tile Company, and, upon completion of the work and the receipt by the contractor of payment in full, it gave to the defendant a bill of sale for all the machines in place, which had been purchased from the plaintiff. The Cemprod Company failed to satisfy its obligation to the Anchor Company, and the latter thereafter asserted ownership in the goods. Replevin was brought against the Pennsylvania Brick & Tile Company to recover possession based on plaintiff's claim of title, and its right to demand the return of the property is the subject of the present controversy. The court below submitted to the jury the determination as to whether defendants had purchased in good faith without notice of plaintiff's claim, and it found affirmatively. Judgment was entered on the verdict, and plaintiff appealed.

It is urged that the reservation of title by the plaintiff until it had been paid in full by the contractor, though the contract was admittedly one of conditional sale and not of bailment, was binding, and makes possible the recovery of possession, though the machines were in the meantime sold for a full consideration to one

ignorant of the true situation, and whose good faith was not successfully impugned. The question was raised in the pleadings as to whether the law of Pennsylvania was applicable in determining the rights of the parties, or that of Ohio or New York, but the case was tried, without objection, on the theory that the legal rules of this State controlled, and, without discussion, it will be so considered here.

The decisions in our jurisdiction have uniformly been to the effect that an innocent purchaser for value from a conditional vendee in possession acquires the title as against the vendor. This was held prior to the Sales Act (Stadtfeld v. Huntsman, 92 Pa. 53), and in cases thereafter, without considering the possible change affected by it: Deere Plow Co. v. Hershey, 287 Pa. 92; Truck Tractor & Forwarding Co. v. Baker, 281 Pa. 145; Colonial F. Corp. v. Hagaman, 81 Pa. Superior Ct. 439. There is no deviation from this principle in the many authorities in which the question is directly or incidentally discussed. Usually the feature controlling such cases is the character of the contract, whether one of bailment or conditional sale. In the former instance, title of the bailor is not divested (Leitch v. Sanford Motor Truck Co., 279 Pa. 160; Schmidt v. Bader, 284 Pa. 41), unless there also appear facts other than the transfer of possession, which estop him from making claim: Commercial M. Mfg. Corp. v. Waters, 280 Pa. 177. Where, however, a conditional sale appears, the rule is well settled, and the new buyer, without notice, who pays a full price, is protected against the unpaid vendor's secret claim of ownership. Admittedly the transaction with which we are now dealing is of the latter class.

The argument is now made that the Uniform Sales Act, adopted in Pennsylvania (May 19, 1915, P. L. 543), has changed the rule theretofore in force, by reason of the provisions of section 23, which reads: "First. Subject to the provisions of this act, where goods are sold

by a person who is not the owner thereof, and who does not sell them under the authority or with the consent of the owner, the buyer acquires no better title to the goods than the seller had, unless the owner of the goods is by his conduct precluded from denying the seller's authority to sell. Second. Nothing in this act, however, shall affect (a) The provisions of any factor's acts, recording acts, or any enactment enabling the apparent owner of goods to dispose of them as if he were the true owner thereof; (b) The validity of any contract to sell or sale under any special common law or statutory power of sale, or under the order of a court of competent jurisdiction."

It is urged that, by this legislation, the rule recognized in this State, that the delivery of personal property to the purchaser under a contract of conditional sale, with a retention of title in the seller, amounts to a constructive fraud, which postpones the right of the real owner in favor of those who have dealt without notice with the conditional vendee, who had been given the indicia of ownership, has been abolished, and our law made to conform with the contrary principle recognized in some other jurisdictions. Notwithstanding the able argument of appellant, whose conclusion finds support in Illinois (Sherer-Gillett Co. v. Long, 318 Ill. 432, 149 N. E. 225), we are not convinced that the language employed in the act indicates a legislative intention to alter our long established rule of law. Section 23 provides that the ownership of the conditional vendor may be asserted "unless the owner of the goods is by his conduct precluded from denying the seller's authority to sell." The decisions in Pennsylvania,—differing from those of many states (1 Williston on Sales 753),—have always been to the effect that the transfer of possession in itself constituted such conduct, and the clause relied on does not require that further acts must be established to defeat the rights of the unpaid vendor.

It will be further noted that the Sales Act did not purport to deal with conditional sales, which were made the subject of a separate uniform law, adopted by the commissioners the same year, though not enacted as a statute in this State until 1925 (May 12th, P. L. 603). An examination of the two acts shows it was not the purpose to define the rights of the purchasers from conditional vendees by the former legislation. In the later statute, prepared also in 1915, the interests of such parties are protected, as they always have been in Pennsylvania, with the modification that the unpaid vendor could, by proper filing, conserve his title until paid. By section 5, such transactions are expressly made void as to innocent purchasers, unless the contract is made a matter of record within ten days, negativing the construction appellant would place on the effect of section 23 of the Uniform Sales Act, which evidently was not intended to cover cases such as now before us.

Though of opinion that the innocent purchaser from the conditional vendee acquired title, even if the first portion of section 23 alone be considered, yet the present case clearly falls within an expressed exception to its operation. The contract of the plaintiff was to furnish machinery to a contractor for installation in a factory building, and it was so supplied and placed. This brought the transaction within the scope of the Act of June 7, 1915, P. L. 866,—a statute of the class comprehended by 2(a) of the section above recited,—which legislation provided a means by which the conditional vendor could keep its grasp on the goods until paid, though actual possession was transferred. This statute was constitutional, and if its requirements were complied with (Re Thaler & Co., 1 Fed. (2d) 461), the reserved ownership could be protected, even as against innocent purchasers or creditors of the vendee: Ridgway D. & E. Co. v. Werder, 287 Pa. 358. It was in force when the contract now in question was signed, though repealed thereafter, and now supplied by later legisla-

tion: May 1, 1923, P. L. 117; May 14, 1925, P. L. 722. The plaintiff in this case did not file his contract, as he might have done, and thus have guarded his interest, as permitted by the act. The conditional vendee was in possession and sold to one acting in good faith for a valuable consideration, and the purchaser retained the property as against the unpaid seller, who failed to give notice of his claim as directed by the statute.

Appellee calls attention to the fact that not only were the machines placed in the possession of the contractor, who sold to defendant, but also they were marked by plates with his name, further indicating his ownership; and that plaintiff, after default in payment by the Cemprod Company, purchased from the defendant one of the articles, which it now claims to own, without any assertion of its reserved title. While these facts might be of importance in determining whether the claimant was estopped, if the contract were one of bailment, a consideration of their effect is not necessary here, where the only question,—a conditional sale being admitted,— is whether the defendant purchased in good faith, without notice, and for full value. These matters were all found in its favor by the jury.

The court was asked to say that the defendant had actual notice of the fact that title should not pass until payment in full was made to plaintiff, because an officer of the contracting company also held an official position with the Brick & Tile Company, the purchaser of the machines, and defendant here. There was no evidence to show that the individual referred to had knowledge as asserted, and the point presented by the plaintiff, based on the effect of this dual relation, was refused. No assignment of error properly raises this question, suggested below, and it was not pressed before us, and therefore need not be further referred to.

The judgment is affirmed.