## CAMP–OSGOOD–SLEPPY, Inc., v. LEHIGH COAL CO.

No. 641.

District Court, M. D. Pennsylvania.
June 2, 1932.

Kelly, Balentine, Fitzgerald & Kelly, of Scranton, Pa., for petitioner.

C. B. & J. H. Price, of Scranton, Pa., for receiver.

JOHNSON, District Judge.

The receiver in equity of the Lehigh Coal Company, on the order of this court, sold at public sale to the Scranton Contracting Company all the right, title, and interest of the Lehigh Coal Company in certain mine leaseholds and equipment for $50,000. Under the terms of sale, the purchaser paid the receiver $15,000 and entered into a bond for the payment of the balance of the purchase price in monthly installments of $2,000 each. The sale was later confirmed by this court. None of these installments has been paid, and the receiver has threatened suit on the bond.

On April 23, 1932, the Scranton Contracting Company filed a petition for rescission of the contract of sale, for the return of the $15,000 paid to the receiver and for an order restraining the receiver from taking action on the bond.

The petitioner alleges that at the time of the sale by the receiver both parties believed that the lands described in the leases contained a large quantity of available anthracite coal, but that, after it had purchased the leases and had spent large sums of money in developing and exploring the property, it was discovered that there was only a relatively small amount of coal present, for which the petitioner would only be able to realize about $30,000.

In his answer, the receiver denies that there was any mutual mistake, but on the contrary avers that no representation of the amount or value of the coal remaining in the ground was ever made by him.

No fraud or misrepresentation is charged by the petitioner, but the petition is based on the grounds that it would be unconscionable for the court to enforce the contract because of the failure, at least in part, of the consideration.

With this contention the court cannot agree. This was a judicial sale, under which the receiver sold only the right, title, and interest which the Lehigh Coal Company had in the property. The receiver made no representations, and there is no fraud charged. The rule of caveat emptor is strictly applicable to judicial sales, and in such sales there is no implied warranty. The purchaser buys at his own risk. Osterberg v. Union Trust Co., 93 U. S. 424, 23 L. Ed. 964; Horner v. Continental & Commercial Trust & Savings Bank (C. C. A.) 198 F. 832. It would be more unconscionable in respect to the creditors of the Lehigh Coal Company for the court to rescind this sale than to permit it to stand. The petition will therefore be dismissed.

And now, June 2, 1932, the petition of the Scranton Contracting Company is hereby dismissed, and the rule granted thereon is discharged.