Star Show Case Manufacturing Company, Inc., *v.*
Friedman (et al., Appellant).

Argued October 2, 1935.

Before KELLER, P. J., BALD-
RIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Edward F. Hitchcock,* for appellant.

*Walter I. Summerfield,* for appellee.

OPINION BY RHODES, J., December 11, 1935:

This is an action of replevin for drug store fixtures. The intervening defendant appeals from the order and judgment of the court below, making absolute a rule for judgment for want of a sufficient affidavit of defense and sustaining plaintiff's demurrer to intervening defendant's counterclaim. The landlord is the intervening defendant.

The intervening defendant, on August 11, 1932, leased to the defendant, Samuel B. Friedman, a certain store building at 1800 Market Street, Philadelphia. On August 23, 1932, the defendant leased from the plaintiff certain fixtures, under a bailment lease, which were installed in said premises. On September 12, 1934, the intervening defendant levied upon the leased fixtures for rent in arrears. On September 21, 1934, the plaintiff issued a writ of replevin for the fixtures leased by it to the defendant. A bond was filed by the plaintiff and the fixtures removed.

The plaintiff filed its declaration, setting forth that the goods in question, consisting of show cases, counters, tables, chairs, etc., were leased to the defendant, on August 23, 1932, under a bailment lease, a copy of which was attached to the declaration; that prior to the installation of said fixtures, and as a condition precedent to the leasing and installation, plaintiff caused to be procured from the intervening defendant a waiver of the landlord's right to distrain upon the leased mer-

chandise for any rent that should become due and owing by the tenant, the defendant, to the landlord, the intervening defendant. The waiver reads as follows: "For One Dollar ($1.00) and other valuable considerations the receipt of which I/we hereby acknowledge, I/we release the following fixtures: [naming fixtures] which were leased to Samuel B. Friedman on a Bailment Lease Contract by Starr Show Case Mfg. Co. Inc., 414 Locust Street, Phila., Pa., from any levy or distraint for rent now due, to become due or in arrears by the lessee of the store premises at S. W. Cor. 18th & Market Sts., Phila., Pa. Marshall S. Collingwood Attorney in fact for Owner of Premises."

The plaintiff further averred that the defendant defaulted in the payment of the rental due under the bailment lease; that plaintiff made demand upon the defendant for the return of the leased articles; that the plaintiff was the owner of the said articles; that the right of possession of the same was in the plaintiff; and that, subsequent to the default in the payment of the rent due the plaintiff under the bailment lease, the landlord, or intervening defendant, caused a levy to be made upon the merchandise leased by the plaintiff to the defendant for the unpaid rentals, notwithstanding the execution and delivery of the landlord's waiver of his right to distrain thereon.

In the affidavit of defense filed by the intervening defendant, the execution of the waiver of his right to distrain upon the said articles was admitted. Default by the defendant in the payment of the rentals due to the plaintiff under the bailment lease was also admitted. In his affidavit of defense, the intervening defendant sets up a counterclaim. He alleges that he leased the premises at 1800 Market Street to the defendant, for $300 per month; that the rent was in arrears from July 1, 1934; and that he caused the landlord's levy for said rent to be made upon the leased fixtures, on September

12, 1934. In both the counterclaim and affidavit of defense, it was averred that he offered, on September 13, 1934, to pay any rental balance due on the said bailment lease, upon a statement by the plaintiff of the amount so due; that the refusal by the plaintiff to state the balance of rental due waived the necessity of formal tender by him; and that the plaintiff is estopped from asserting a breach of the bailment lease, or from denying the passing of title to the said fixtures to the said defendant, or his assignee. In the counterclaim he also alleged that he was damaged to the extent of $500 by the negligent, careless, and wrongful removal of the replevied fixtures by the plaintiff, and that the bailment lease carries with it the right of purchase.

The plaintiff thereupon filed a reply to the counterclaim, and also a rule for judgment for want of a sufficient affidavit of defense. The court below treated the reply as a demurrer, which it sustained, and made absolute the rule for judgment for want of a sufficient affidavit of defense. The intervening defendant appealed.

The intervening defendant's contention is that his tender to the plaintiff of the balance of rental payable under the bailment lease gave the defendant complete title to the leased articles, and made them subject to distraint regardless of his waiver of the right to distrain upon these goods. We are of the opinion that the alleged tender by the intervening defendant was ineffective and the distraint improper.

The averment in the counterclaim, that "the said bailment lease carries with it the right of purchase," is not sufficient to prevent judgment for the plaintiff. The bailment lease contains no such provision. Standing alone, with no additional averments, this allegation of the intervening defendant is insufficient to contradict the terms of the bailment lease or to prevent judgment.

Even though the ultimate intent of the bailment contract between the plaintiff (bailor) and the defendant (bailee) was a sale, for it to take effect, and for it to become operative as such, necessitates compliance with the provisions relative to the bailment. Valicenti v. Central Motors, Inc., 115 Pa. Superior Ct. 74, 81, 174 A. 799, 803. The bailment lease in the case at bar contained no option to purchase; but provided that "this is a contract of renting only, and not a sale, conditional or otherwise." It further provided "that in case said party of the second part [defendant and bailee] shall fail to pay rent as herein set forth ...... then in either case said party of the first part [plaintiff and bailor] shall have the right to declare this lease void, so far as the rights of the said party of the second part are concerned, and the said party of the first part shall have the right to take immediate possession of said property wherever they may find the same ......" The plaintiff avers, and the intervening defendant admits, that there was a default by the defendant in the payment of the rentals due under the bailment lease. Plaintiff also avers that it accordingly made demand upon the defendant to return the leased articles. The default was before distraint was made. Upon default by the defendant, the plaintiff, under the lease, had "the right to take immediate possession of said property." At the time of the distraint by the intervening defendant, the right of possession to the leased property was in the plaintiff. By virtue of the distraint, the intervening defendant acquired no valid lien upon the leased property, because, at the time, the title and the right of possession were in the plaintiff, and the intervening defendant had specifically agreed in writing to waive his right to distrain upon the property in question.

The intervening defendant, in paragraph five of his counterclaim, sets forth a claim for damages, in the amount of $500, alleged to have been caused to the walls

and floor of his building by the negligent removal of the replevied fixtures therefrom by the plaintiff. The court below sustained the plaintiff's contention that the claim was improper in this replevin action, and properly held that such a claim must be asserted by the intervening defendant against the plaintiff in an independent proceeding. See Lee-Strauss Co. v. Kelly, 292 Pa. 403, 141 A. 236; Bentz et al. v. Barclay et al., 294 Pa. 300, 144 A. 280. The intervening defendant's claim for damages arising out of the alleged negligent removal of the leased fixtures was not such a lien or charge upon the goods replevied as could be properly asserted in the replevin action. See Mitchell et al. v. Standard Repair Co., 275 Pa. 328, 119 A. 410.

The appellant's affidavit of defense and counterclaim did not set up a good defense or valid claim requiring the case to go to trial on the pleadings. No meritorious grounds of defense having been presented, the entry of judgment for the plaintiff was proper.

Order and judgment of the court below are affirmed.