**In re CLOVER DRUGS, Inc.**

No. 19578.

District Court, E. D. Pennsylvania.

Oct. 8, 1937.

Walter I. Summerfield, of Philadelphia, Pa., for petitioner-claimant.

Leon B. Traub, of Philadelphia, Pa., for receiver.

Before DICKINSON, KIRKPATRICK, WELSH, and MARIS, JJ.

KIRKPATRICK, District Judge.

This was a reclamation proceeding. The referee dismissed the petition, and this certificate was taken to review his order.

The claimant, on July 25, 1935, delivered certain store fixtures and equipment to the Clover Drugs, Inc. (subsequently the bankrupt), under a written contract which, we hold, was under the law of Pennsylvania, in a form appropriate to create the relationship of bailor and bailee between the parties and not that of conditional vendor and vendee. See Star Show Case Mfg. Co. v. Friedman, 120 Pa. Super. 109, 181 A. 861; In re Stein (D.C.) 17 F.Supp. 587.

The referee, over objection, admitted certain testimony which, he considered, threw light upon the true character of the transaction, and from which he concluded that the transaction was in fact a conditional sale. In admitting the testimony for that purpose and in so considering it, we are of the opinion that the referee erred.

It appeared that some of the fixtures in question had been delivered to the bankrupt under an earlier contract (dated February 10, 1934) which was also in form a bailment lease, that the bankrupt wished to remove them to a new place of business which it had opened, that the goods were delivered to the claimant who made the transfer and at the same time, at the bankrupt's request, made alterations in certain of the articles and added some new ones to the lot, that before delivery at the new place of business the claimant required the bankrupt to execute first, an assignment to the claimant of all the bankrupt's right, title, and interest in the fixtures, and second, a new bailment lease, dated July 25, 1935—the one under which it now claims. The assignment constituted part of the evidence admitted by the referee over objection.

Had the claimant's title been in dispute, the assignment might have been rele-

108

vant for the purpose of showing ownership in the claimant at the time the second lease was executed, but such title was admitted by the petition and answer. The referee received the assignment in evidence for the reason that in it the bankrupt was described as "the vendee," and the referee considered this together with other evidence in arriving at his conclusion that the transaction was in fact a conditional sale.

The referee also received evidence to show that the parties orally agreed at the time of the execution of the paper that, upon payment for the fixtures, title to them would automatically vest in the bankrupt. The referee, in his opinion, referred to the following testimony as to what was said by the parties just before the bailment lease was executed:

"Q. State what was said between you and Mr. Toub relative to anything that should have been put into the lease at that time. A. Mr. Toub asked whether or not the Clover Drugs had the cash to pay for new fixtures, and I said no, we did not. He asked for a down payment and regular monthly payment on promissory notes, and I asked him why all that was necessary, and he claimed when they would be paid, we would get title to the fixtures.

"Q. And on the basis of that, did you sign that lease? A. It is the only way we would sign it."

There was no such provision in the written contract. It may be that this evidence was properly received for the purpose of supplying a missing term, so that the court would have the entire contract before it. It was, however, error to receive or consider it for the purpose of showing the contract was a conditional sale. It has been held again and again in Pennsylvania that provisions of this kind do not make what is otherwise a bailment lease, a conditional sale. In other words, even if the provision for vesting title in the bankrupt had been fully written into the instrument, it would not have made a conditional sale of it.

■ The Circuit Court of Appeals for the Third Circuit, in General Motors Acceptance Corporation v. Horton, 85 F.(2d) 452, 453, handed down an opinion which furnishes a statement of the rule to be followed. In that case the court said: "It is evident that the parties to the contract intended by it to accomplish two results: First to retain, in the lessor, title to the automobile as against the bankruptcy or other unfortunate circumstances of the lessee; and, secondly, to provide that the lessee might, after payment of all the rentals, purchase the automobile for a nominal sum. It must be admitted that this transaction in fact, though not in form, amounted to a conditional sale. But to construe such contracts as bailment leases is a policy, regardless of what may be thought of it as a principle of law or business, which has long been pursued in Pennsylvania, and her courts have uniformly sustained them as bailment leases."

As we construe this decision, it plainly means that, if the property was delivered to the bankrupt by virtue of a written contract which is in form a bailment lease, it is wholly immaterial in a reclamation proceeding (a) that the parties agreed that the bailee might, upon performance of his obligations under the instrument, obtain title to the goods; (b) that either before or after the transaction they referred to it as a sale, or used expressions in connection with it appropriate to a sale ("vendee," "price," "salesman," etc.), or made similar statements indicative of their view of the nature of the transaction; (c) that, at some time previous to the execution of the bailment lease and delivery of the goods, they had intended, or, for that matter, had agreed that the party to whom the goods were delivered should be the owner—in other words, that the transaction should, in fact, amount to a sale.

■ If the parties intended to retain title in the lessor and to provide that after payment of all rentals the lessee might become the owner, either with or without payment of an additional nominal sum, and if, in putting such intention into effect, they used an approved form of Pennsylvania lease, then the transaction will be sustained as a bailment, although the court may think (as the court in the Horton Case, supra, did think) that it "in fact * * * amounted to a conditional sale."

We therefore think that the referee erred in considering the description of the lessee as a "vendee" in the assignment as evidence bearing upon the nature of this transaction, in considering evidence of the oral agreement that title should pass as evidence of the same thing, and in making the immaterial finding that the transaction, in fact, though not in form, amounted

to a conditional sale, and in dismissing the petition upon the basis of that finding.

One other matter remains to be considered. The referee admitted "proof offered * * * tending to show that the Show Case Company have been paid in full for the fixtures." It is not clear whether this refers to the rentals under the earlier lease or to those under the later lease. If the former, the evidence was not material; if the latter, it was, but if the referee meant to find that all money due by the bankrupt under the second lease— the one under which the claimant filed its petition—was fully paid, we think the fact is clearly otherwise, and we find as a fact from the evidence that the bankrupt was in default.

The order of the referee is reversed.

DICKINSON, District Judge (concurring).

I concur in the ruling of the court in this cause, but plant my concurrence solely on the ground that I think we are bound to follow the ruling of this court in Re Stein, 17 F.Supp. 587. The Stein Case was in turn ruled by the authority of the interpretation given to the ruling of the Circuit Court of Appeals for this circuit in General Motors v. Horton, 85 F.(2d) 452.

The question of bailment leases is one which arises now in almost every bankruptcy case. The referees in bankruptcy have differed in the interpretation given to the Horton Case. It is of very great practical importance to have a ruling which will settle the question over which the referees have differed. The ruling in the Stein Case was intended to settle the question. The point of difference can be best presented in a series of propositions. Until the ruling of the Horton Case, there was a general agreement upon the following propositions:

(1) The owner of personal property might let it out on hire and deliver possession to the bailee on any terms agreed upon and yet retain his title as owner in the property made the subject of the bailment.

(2) If, however, instead of letting the property on hire he sold it, delivering possession to the vendee, he could not thereafter, against an innocent purchaser for value, or an execution creditor, or a trustee in bankruptcy, retain title to the property as security for the unpaid purchase money otherwise than by a compliance with the Conditional Sales Act (69 P.S.Pa. § 361 et seq.).

(3) Whether the transaction was in truth and fact a bailment for hire or a conditional sale is a question of fact to be found as are other questions of fact.

Without doubt there has been of late years an increase in the practice of installment sales, the vendor seeking to retain his title as security for the unpaid purchase price. The volume of such sales is now very large. The ruling in the Stein Case recognizes this and rules that whatever the law on the subject had once been that the courts of Pennsylvania had declared a new rule, which may be stated in the following proposition:

(4) A vendor may make a conditional sale of property and deliver possession to the vendee, retaining his title to the property as security for the unpaid purchase money if the transaction is cast in the form of a bailment lease and the vendee executes such bailment lease in due form.

It may be said in passing that the rulings of the Courts of Pennsylvania referred to in the opinion in the Stein Case are rulings of the Superior Court. The Supreme Court of the state has not given its sanction to the change as evidenced by the ruling in Root v. Republic Acceptance Corporation, 279 Pa. 55, 123 A. 650, the opinion of which was delivered by Mr. Justice Schaffer.

The Stein Case was ruled on the authority of the Horton Case, which was interpreted as laying down the proposition last stated.

The other interpretation given to the Horton Case is that a transaction which has been made the subject of a bailment lease cannot, without other evidence, be found to have been a conditional sale. In other words, that a bailment lease cannot be construed to be a bill of sale. It does not rule, however, that what the transaction was in truth and fact cannot be shown by proper evidence. The like ruling had been made by this court in an unreported case, in which the opinion was filed by Judge Kirkpatrick.

In the instant case the referee, from all the evidence before him, has found that the transaction was a conditional sale, although it was made the subject of an otherwise valid bailment lease. Following the interpretation given to the Horton Case, in the Stein Case the ruling made

110

is that the vendee having executed in due form a bailment lease that the transaction cannot be shown to have been in truth and fact a conditional sale.

The Stein Case having so ruled, this court is bound by the ruling made, and for this reason, and for this reason alone, I concur in the ruling now made.