## General Refrigerator and Store Fixture Company v. Patterson et al.

*Max A. Daroff*, for plaintiff.

*Oscar Rosenbaum*, for additional defendant.

MacNeille, P. J., April 1, 1952.—This is an action in replevin brought by the General Refrigerator and Store Fixture Company against George D. Patterson, Jane H. Patterson, and Morris Glick, added defendant, for the recovery of certain commercial refrigerator equipment. When this matter first came on for trial it was apparent that the paramount issue involved was one of law. No evidence was offered by the parties

and the case was submitted to the court for determination on the pleadings as on a motion for judgment on the pleadings. Subsequently the court ordered a hearing in order to determine the facts which were left in dispute by the pleadings. A hearing was accordingly held on March 14, 1952.

On April 20, 1950, plaintiff, General Refrigerator and Store Fixture Company, entered into a bailment lease agreement with defendants, George D. Patterson and Jane H. Patterson, for one refrigerator box (described in the complaint as one 4 ft. 7 in. by 6 ft. 6 in. by 6 ft. 6 in. walk-in box) which was subsequently delivered to defendants for their use. Defendants, George D. Patterson and Jane H. Patterson, defaulted in making payments. A writ of replevin with bond was issued on February 28, 1951. No counterbond was filed by any of the defendants and the sheriff replevied the property on March 1, 1951. Defendants, George D. Patterson and Jane H. Patterson, did not file an answer to the complaint, nor did they appear either in person or by counsel when the case was called for trial. Morris Glick, added defendant, filed an answer to the complaint as landlord of defendants, George D. Patterson and Jane H. Patterson.

The pleading filed by Morris Glick, added defendant, in the nature of an answer and new matter, revealed, inter alia, that George D. Patterson filed a voluntary petition in bankruptcy in the District Court of Pennsylvania for the Eastern District on January 16, 1951 (cause no. 23400), and was adjudicated a bankrupt on February 13, 1951. A trustee and receiver in bankruptcy was appointed for George D. Patterson on January 16, 1951, and the trustee sold all of the bankrupt's personalty, including the disputed refrigerator, at public sale on February 13, 1951, in accordance with an order of sale authorized by the Federal district court. At the bankruptcy sale the

added defendant, Morris Glick (whether with or without knowledge that the refrigerator was subject to a bailment lease is immaterial) purchased the refrigerator for value and the sale was subsequently confirmed by the district court.

Under the above facts the sole issue for determination is whether or not Morris Glick, the added defendant, is entitled to possession of the refrigerator or to damages as against plaintiff, the original bailor and owner of the property in question.

A bona fide purchaser from a bailee or other custodian does not obtain a good title against the real owner. It has often been held that a bona fide purchaser for value, even without notice of a bailment, will not prevail over the true owner so as to deprive the bailor of ownership or possession, even though the purchase is made in good faith. See Crist v. Kleber et al., 79 Pa. 290 (1875) ; Miller Piano Co. v. Parker, 155 Pa. 208 (1893) ; Collins v. Bellefonte Central R. R. Company, 171 Pa. 243 (1895) ; Leitch v. Sanford Motor Truck Co. et al., 279 Pa. 160 (1924) ; Lamb v. Leader, 6 Pa. Superior Ct. 50 (1897) ; National Cash Register Co. v. Cochran, 22 Pa. Superior Ct. 582 (1902) ; Painter v. Snyder, 22 Pa. Superior Ct. 603 (1903) ; Heisley v. Economy Tool Manufacturing Company, 33 Pa. Superior Ct. 218 (1907) ; Barnett v. Fein, 41 Pa. Superior Ct. 423 (1909).

We must determine whether or not the fact that added defendant, Morris Glick, bought at a judicial sale from a trustee in bankruptcy would alter or modify the rule as stated.

Section 70(a) of The Bankruptcy Act of July 1, 1898, 30 Stat. at L. 565, as amended (11 U. S. C. §110) provides as follows:

"The trustee of the estate of a bankrupt and his successor or successors, if any, upon his or their appointment and qualification, shall in turn be vested by

operation of law with the title of the bankrupt as of the date of the filing of petition in bankruptcy. . . ."

Under this provision it has been said that a trustee in bankruptcy holds only such title as the bankrupt possessed; that the rights of the trustee cannot be any greater than those of the creditors of the bankrupt; see Munn v. Lorch, 305 Pa. 55 (1931); Davis v. Billings, 254 Pa. 574 (1916); Schmidt v. Bader, 284 Pa. 41 (1925).

However, in addition to the bankrupt's title passing to the trustee under section 70(*a*) the trustee acquires certain other superior rights or titles, including the right of an execution creditor, the right to set aside fraudulent transfers, the right to void preferences and the right to nullify liens. Section 70(*c*) (amendment adopted March 18, 1950) provides:

"The trustee, as to all property of the bankrupt at the date of bankruptcy whether or not coming into possession or control of the court, shall be deemed vested as of the date of bankruptcy with all the rights, remedies, and powers of a creditor then holding a lien thereon by legal or equitable proceedings whether or not such a creditor actually exists."

The purport of section 70(*c*) is that if, on the date the petition is filed, any creditor of the bankrupt could have acquired a lien which would be superior to the rights of any transferee or pledgee, then the trustee acquires a superior title to such property for the benefit of the estate and all creditors. See Bailey v. Baker Ice Machine Co., 239 U. S. 268, 36 S. Ct. 50 (1915); Eisenlohr v. Ehrich, 296 Fed. 816 (C. C. A. 3, 1924), cert. den. 265 U. S. 584, 44 S. Ct. 459 (1924); New York-Brooklyn Fuel Corporation v. Fuller, 11 F.(2d) 802 (C. C. A. 2, 1926); Houck v. General Motors Acceptance Corp., 44 F.(2d) 410 (D. C., W. D. Pa., 1930).

The single question for our consideration is whether the trustee took any superior title to that of plaintiff.

In Pennsylvania the law is still settled that a bailment with an option to purchase in the bailee is good as against creditors and purchasers from the bailee even though the contract of bailment is not recorded. See Anchor Concrete Machinery Co. v. Pennsylvania Brick & Tile Co., 292 Pa. 86 (1928) ; Stern & Company v. Paul et al., 96 Pa. Superior Ct. 112 (1929) ; Decker v. Williams, 130 Pa. Superior Ct. 100, 196 Atl. 910 (1938) ; In re Robinson, 40 F. Supp. 320 (D. C., E. D. Pa., 1941), affd. 122 F.(2d) 336, cert. den. 314 U. S. 686 (1941) ; Montgomery, "The Pennsylvania Bailment Lease" (1931), 79 U. of Pa. L. Rev. 920; Mueller, "Conditional Sales in Pennsylvania Since the Adoption of the Sales Act" (1924), 72 U. of Pa. L. Rev. 123; note (1932), 80 U. of Pa. L. Rev. 1033.

There is no question but that the law of Pennsylvania determines the nature of the title, if any, which the trustee took in this case. We need not concern ourselves with cases from other jurisdictions refusing efficacy to the bailment lease form unless it is recorded. It is sufficient to note that in 1925 this Commonwealth adopted the Uniform Conditional Sales Act of May 12, 1925, P. L. 603, sec. 31, as amended, 69 PS §361 et seq.; but in so doing the legislature excluded section 1(2) of the Uniform Act (2 Uniform Laws Ann. Supp. 1930, sec. 1) which brought bailments and leases within the definition of a conditional sale. It is apparent then that a creditor of the Pattersons could not have acquired a lien superior to plaintiff's rights as bailor and the trustee acquired no title sufficient to prevail as against plaintiff. See Sandack v. Tamme, 182 F. (2d) 759 (C. A., 10, 1950) ; In re Clover Drugs, Inc. (D. C. E. D., Pa., 1937), 21 F. Supp. 107.

The trustee thus having no title to the refrigerator in question, could not by judicial sale divest plaintiff of ownership. The rights of a trustee in bankruptcy are no greater than those of the creditors and, if he

wrongfully sells goods held under the bailment no title passes by such sale. See Schmidt v. Bader, 284 Pa. 41 (1925). In that case the court stated, at page 47:

"As already noted, the manufacturing company was not declared a bankrupt until January of 1921; and the only interest the trustee could sell was the equity which the corporation might have by virtue of the payments under the lease. It was in default, however, and the lessor and present plaintiff had the right to demand a return of the property involved in the present action of replevin. The rights of the trustee in bankruptcy were not greater than those of the creditors, and his sale passed no title to the machines held under the bailment contract. It follows that plaintiff's claim must be sustained."

In National Cash Register Company v. Stoschak, 21 Northumb. 60 (1948), the court held that:

"An innocent purchaser for value of a leased chattel takes no other title than that of the bailee, and if the bailee defaults in performing the covenants of the lease the bailor may recover the chattel by an action of replevin from the purchaser, even though the purchaser claims title through a sheriff's sale, of which the bailor had knowledge, and at which the bailor failed to give notice of his title."

In Bishop & Babcock Sales Company v. Seltzer, 29 D. & C. 325, 327 (1937), the court stated:

"The rule is undoubted in Pennsylvania that the purchaser at a sheriff's sale takes no better title than defendant in the execution had. The authorities are collected in National Cash Register Co. v. Knecht, 24 Northamp. 155. *The same rule applies to a sale by a trustee in bankruptcy.*" (Italics supplied.)

Added defendant, Morris Glick, however, contends that since he did not have notice of the superior title of plaintiff at the time that he bought the property at the trustee's sale, he should prevail over plaintiff. We

do not believe the question of notice is pertinent in this case. The rule of "caveat emptor" prevails in bankruptcy sales as in all judicial sales unless special direction otherwise is made in the order of sale. See Remington on Bankruptcy, vol. 6, §2567, page 55.

In Camp-Osgood Sleppy, Inc., v. Lehigh Coal Co., 3 F. Supp. 96 (D. C. M. D. Pa., 1932), Judge Johnson said:

"This was a judicial sale; under which the receiver sold only the right, title, and interest which the Lehigh Coal Company had in the property. The receiver made no representations, and there is no fraud charged. The rule of caveat emptor is strictly applicable to judicial sales, and in such sales there is no implied warranty. The purchaser buys at his own risk. Osterberg v. Union Trust Co., 93 U. S. 424."

That case was affirmed by the circuit court of appeals, in Scranton Contracting Co. v. McCulloch, 64 F. (2d) 358 (C. C. A. 3, 1933).

In Handlan v. Bennett, 51 F.(2d) 21, 24 (C. C. A. 4, 1931), the court said:

"It must be remembered that the doctrine of caveat emptor applies in all its force to judicial sales and that it will be conclusively presumed that the purchaser agrees to the take the title such as it is and that if he permits the sale to be confirmed without objection, he cannot afterward refuse to pay the purchase money because of imperfection of title or for errors or irregularities in the proceedings under which he purchased. This rule prevails in bankruptcy sales unless the order of sale itself otherwise provides."

A copy of the order of sale of the trustee in bankruptcy under which the refrigerator was sold is attached to added defendant's answer as exhibit A. The order of sale being general, the doctrine of caveat emptor applied in all its force.

In the case of In re Nebel, 44 F.(2d) 849 (D. C. W. D. Pa., 1930) the applicable rule of law was well stated. Said the court at page 850:

"In our opinion, the petition to set aside the sale must be denied. Admitting the cloud upon the record title of the bankrupt to the lot in question, we can see no reason why the general rule applicable to judicial sales should not apply. By that rule the purchaser takes the title of the person whose interest is being sold. A proposed purchaser has the burden of satisfying himself as to the nature of the title to the land, and, if he fails to make proper investigation, the fault is his own if he obtains land of which the title is clouded. Nor is this rule set aside by the fact that the land was sold clear and divested of liens. A lien upon the interest of the bankrupt in the land in question is plainly distinguishable from the bankrupt's title. What was sold by the trustee was the bankrupt's interest in the land, free of all liens upon that interest.

"The rule to show cause why the sale of the lot in question should not be set aside, and the trustee directed to return the hand money to the purchaser, must be vacated and the petition dismissed."

In our treatment of this matter we have ignored all confusing references (in the pleadings, hearings and briefs) to a levy by added defendant as the alleged landlord of defendants Patterson. It should be clear that such levy was of no consequence to plaintiff real owner of the subject refrigerator and did not affect its title or right of possession. A bailor may bring an action in replevin against one who purchases the bailed property at a judicial sale: American Laundry Machinery Co. v. Miners Trust Co., 307 Pa. 395 (1932); Cobb & Chase v. A. Deiches & Co., 7 Pa. Superior Ct. 252 (1898); National Cash Register Co. v. Stoschak, supra. Insofar as confusing reference is made to a

landlord's distraint it is apparent that such term has been here loosely confused with the term "levy". A landlord by virtue of a fiere facias cannot effectively levy on the goods of a third person found on the demised premises. See Stern's Trickett on Landlord and Tenant (3rd ed., 1950) pages 104-05; Liquid Carbonic Company v. Truby, 40 Pa. Superior Ct. 634 (1909); Hallett v. Davis Piano Company, 83 Pa. Superior Ct. 408 (1924). And, furthermore, there is no evidence that any distraint was ever attempted or made. A bailment lessor will prevail over a landlord who has not distrained on the bailed property: Wetherill v. Gallagher, 217 Pa. 635 (1907).

We must conclude that added defendant, Morris Glick, never took title to the refrigerator in question and plaintiff was entitled to maintain this action in replevin to recover its property as bailor.

Defendants George D. Patterson and Jane H. Patterson (now deceased), have not been served with process in this case nor have they entered any appearance. It is apparent from the record that they do not have title to nor right of possession of the refrigerator which is the subject of this dispute. No findings are made with respect to them and none are necessary. See Pa. R. C. P. 1083.

## Order

And now, April 1, 1952, the court finds for plaintiff, General Refrigerator and Store Fixture Company, and determines that:

1. Plaintiff has title and right to possession and right to retain possession of the refrigerator box, described in the complaint as a 4 ft. 7 in. by 6 ft. 6 in. by 6 ft. 6 in. walk-in box, which is the subject of this suit in replevin.

2. Added defendant, Morris Glick, shall pay all costs in this matter.