## Foresman v. Brockerhoff

*John A. Harris*, for plaintiffs.

*Lewis O. Harvey*, for defendant.

CAMPBELL, P. J., December 30, 1960.—To plaintiffs' replevin proceedings, defendant filed a counterbond. Subsequently, plaintiffs filed a complaint alleging ownership of a bar and back bar and the refusal of defendant to permit the removal of the same from real estate owned by defendant. Defendant filed an answer denying ownership in plaintiffs, and under the heading of new matter averred a lease agreement between the parties which provided, in substance, that the lessees, who are plaintiffs herein, shall not have the right to remove their property unless they have discharged all of their obligations under the lease agreement, and

then further specifically averred that the lessees failed to comply with the terms and provisions of the lease agreement in certain particular respects. Plaintiffs then filed preliminary objections requesting the court to strike that portion of defendant's answer entitled new matter for the reason that it is in violation of Pa. R. C. P. 1082(*a*), which states that no counterclaim may be asserted.

Upon defendant's agreement to strike that portion of her answer which objects to plaintiffs' failure to join as a party defendant the Central Trust Capital Bank, all other preliminary objections of plaintiffs were withdrawn, and the only question at issue is whether or not defendant's new matter constitutes a counterclaim and, therefore, violates the rules of civil procedure.

No authority need be cited for the proposition that under the Pennsylvania Rules of Civil Procedure an action of replevin is purely a possessory action in which the only issues triable are those of title and right of possession and the right of lien thereof. Under these rules, a counterclaim is specifically forbidden: Pa. R. C. P. 1082(*a*).

Defendant has by her answer denied plaintiffs' allegation of title and under the heading of new matter has averred in brief that, even though plaintiffs are found to have title, they are not entitled to possession by reason of the violation of a contractual agreement. We are of the opinion that plaintiffs have the burden of proving title and the right of possession, both of which have been denied by defendant's pleadings. We feel that it is unnecessary for defendant to actually aver under the heading of new matter that she had a lien on the property in question so long as she has averred facts which, if proven, would indicate that plaintiffs do not have the right of possession. We therefore hold that the pleadings of defendant under the

heading of new matter do not constitute a counter-claim and are not in violation of rule 1082(*a*) of the Pennsylvania Rules of Civil Procedure.

Plaintiffs contend that the case of Star Show Case Manufacturing Company, Inc., v. Friedman, 120 Pa. Superior Ct. 109, controls the decision of this case. With this we cannot agree. In that case the intervening defendant filed a claim for $500 as damages for the negligent removal of replevied fixtures which is clearly a counterclaim in violation of the rules of civil procedure and under no circumstances could be interpreted as a lien on the fixtures sought to be replevied or, in the absence of an agreement between the parties, could not be used to oppose plaintiff's right of possession.

Accordingly, plaintiffs' preliminary objections are dismissed December 30, 1960.